155 So.2d 320

**Ex parte Johnny Virgil NATIONS.**

**7 Div. 738.**

Court of Appeals of Alabama.

May 14, 1963.

Rehearing Denied June 4, 1963.

Johnny Virgil Nations, pro se.

Richmond M. Flowers, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

CATES, Judge.

Nations, in Kilby Prison, asks us to grant certiorari to the Circuit Court of Etowah County to bring up the record in a coram nobis hearing.

As grounds to persuade us he assigns:

1) A denial of due process "by the trial court * * * denying or refusing to transmitt [sic] a certified copy of the transcript * * * for * * * appeal."

2) His conviction "was obtained through false and perjurd [sic] testimony and evidence known at the time of trial."

3) His court appointed attorney was neither adequate nor effective.

4) The victim of the robbery of which he has been found guilty testified falsely and perjuriously both at the hearing before the committing magistrate and at the trial of the indictment.

5) The "evidence record * * * will show * * * that [he] could not have committed this crime."

6) He, having but one arm, could not be the two-armed man he claims the victim described.

7) The testimony of a finger print expert was that Nations's prints were not those on articles "handled by the attacker."

8) He was "denied a full and fair hearing" on coram nobis.

9) a) He had an alibi.
   b) [Same as 6 above.]

This petition was filed February 12, 1963.

February 20 the Attorney General responded with a motion to dismiss, duly signed and tendered on transcript paper, assigning:

1) That it "affirmatively appears that [Nations] seeks * * * review * * * of his conviction * * * from which * * * no appeal was taken [and] * * * of the denial on December 6, 1962, * * * of [his] petition for * * * coram nobis."

2) Certiorari does not lie when appeal or other review is given, citing Adams v. City of Troy, 1 Ala.App. 544, 56 So. 82, and Ex parte Dickens, 162 Ala. 272, 50 So. 218.

3) "Petitioner has not pursued the * * * review made available by statute."

4) [Same as 3 in effect.]

5) "Petitioner is not entitled to the relief which he seeks."

Whereupon Nations, on February 27, moved us to dismiss the Attorney General's motion. As grounds he relies mainly on the claim that certiorari is his "only remedy for review."

To this replicatory motion, Nations appends a brief. Therein he claims the trial court denied him "his evidence record" under the Griffin v. Illinois statute, Act No. 62 of September 15, 1961.

Superadded to the claim of perjured testimony, Nations complains he was denied material witnesses during the original trial and during the coram nobis hearing too. He also states the sought for transcript will show "that the original warrent [sic] of arrest could not be presented by the Sheriff of Etowah County."

A specific claim is that his court appointed attorney failed to object to questions "that should have been overruled by the court."

Again on April 24 Nations assigned further grounds to his motion to dismiss the State's motion to dismiss. These grounds are:

1) The Attorney General has not signed the motion to dismiss.

2) The Attorney General's motion was wrongly captioned [Nations v. State] when in fact "petitioner does not *vs.* the State of Alabama but the Warden of Kilby Prison, William C. Holman."

3) That the Attorney General asks this court "to dismiss * * * on grounds that the petition was not filed on transcript paper."

4) That since he has filed a pauper's oath he should not be made to use transcript paper, citing 28 U.S.C. § 1915, and Adkins v. E. I. DuPont De Nemours Co., 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (a case of procedure in Federal courts).

5) [Reiteration of claim for transcript of evidence.]

6) That "this Hon. Court cannot render a lawful decision without said transcript and certiorari must be granted."

7) That the Attorney General's motion "is vague and does not make sense."

8) and 9) Directed at further claims of defects in the Attorney General's motion.

■ If Nations took no appeal from his original conviction, he was not due a pauper's transcript of evidence under Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891. Act No. 62 of September 15, 1961, applies only to appeals from judgments of conviction.

■ In Allen v. State, Ala.App., 150 So. 2d 399,[1] we set out our views of how and to what extent a trial judge's order denying coram nobis was open to review. If the hearing was held December 6, 1962, and the judgment rendered that day, then Nations has until June 6 to give notice of appeal from denial of coram nobis.

■ On a review of the denial of coram nobis, a mere request for a transcript of evidence is not enough. Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892, does not apply to Alabama practice ex propio vigore. Coram nobis should not ordinarily require the taking of testimony viva voce. Duncan v. State, ante, p. 111, 154 So.2d 302; Willis v. State, ante, p. 85, 152 So.2d 883.

■ Moreover, certiorari being a discretionary writ is here not indicated where the petitioner has to overcome no less than two threshhold presumptions, viz., (1) that attending his being adjudged guilty on a verdict that there was no reasonable doubt of his having robbed; and (2) that based on the trial judge's having taken up his coram nobis petition.

1. Ante, p. 9.

In exercising this discretion, we prefer to pretermit the matters in the State's motion, since it and Nations's motion involve virtually an almost infinite morass of grounds or lack of them.

The petition for certiorari is

Denied.