## LONG v. DISTRICT COURT OF IOWA
### IN AND FOR LEE COUNTY.

No. 77. Argued November 9, 1966.—Decided December 5, 1966.

*Ronald L. Carlson,* by appointment of the Court, 383 U. S. 956, argued the cause and filed briefs for petitioner.

*Don R. Bennett,* Assistant Attorney General of Iowa, argued the cause for respondent. With him on the brief was *Lawrence F. Scalise,* Attorney General.

PER CURIAM.

Petitioner was convicted of larceny and sentenced on October 21, 1963, to a term not to exceed five years. This conviction was affirmed on appeal to the Supreme Court of Iowa (*State* v. *Long,* 256 Iowa 1304, 130 N. W. 2d 663 (1964)), and petitioner is currently serving his sentence in the state penitentiary. On January 13, 1965, petitioner sought a writ of habeas corpus in the District Court of Iowa, Lee County, and contended, *inter alia,*

that he had been denied counsel at the preliminary hearing and that he himself had been incompetent at the time. After an evidentiary hearing at which petitioner was not afforded the assistance of court-appointed counsel, the District Court found against petitioner on the facts of his claims.[1] Petitioner thereupon applied to the District Court for appointment of counsel and for a free transcript of the habeas corpus proceeding, for use on appeal. The District Court denied these motions on the following ground: "Habeas corpus being a civil action there is no provision in the law for the furnishing of a transcript without the payment of fee, or for the appointment of counsel." Petitioner sought certiorari to review this decision from the Supreme Court of Iowa. Certiorari was denied without opinion [2] by that court.[3] On peti-

---

[1] As to the claim of lack of counsel at the preliminary hearing, the State now concedes that petitioner was not in fact represented at that time (although the District Court found to the contrary). Petitioner alleged in his petition for habeas corpus that a guilty plea obtained at the preliminary hearing was introduced as an admission at his criminal trial. The State concedes that if this is true, petitioner "probably is entitled to relief in habeas corpus under *White* v. *Maryland,* 373 U. S. 59." The Attorney General of Iowa has ruled that *White* is applicable to preliminary hearings in Iowa because guilty pleas, if made at that time, may later be used as admissions of guilt. 1964 Opinions of the Attorney General of Iowa 160 (October 5, 1964).

[2] The court's order reads: "Petition for certiorari filed, considered, and denied. See in this connection, *Waldon* v. *District Court of Lee County, Iowa,* 130 N. W. 2d 728." The *Waldon* case held only that a State need not provide appointed counsel on appeal from the denial of habeas corpus; it does not so much as refer to the transcript problem, to which this Court limited the grant of certiorari in this case.

[3] Petitioner's notice of appeal to the Supreme Court of Iowa was timely and properly filed. His appeal is pending before that court, and disposition has been stayed until the outcome of this preliminary case.

tion for a writ of certiorari to the Supreme Court of Iowa, this Court granted the writ limited solely to the refusal to furnish petitioner, an indigent, with a transcript of the habeas corpus proceeding, for purpose of appeal.

The judgment below must be reversed. The State properly concedes that under our decisions in *Smith* v. *Bennett,* 365 U. S. 708 (1961), and *Lane* v. *Brown,* 372 U. S. 477 (1963), "to interpose any financial consideration between an indigent prisoner of the State and his exercise of a state right to sue for his liberty is to deny that prisoner the equal protection of the laws." *Smith* v. *Bennett, supra,* at 709. We specifically held in *Smith* that having established a post-conviction procedure, a State cannot condition its availability to an indigent upon any financial consideration. And we held in *Lane* that the same rule applies to protect an indigent against a financial obstacle to the exercise of a state-created right to appeal from an adverse decision in a post-conviction proceeding.

In *Lane* v. *Brown, supra,* at 483, the Court reaffirmed the fundamental principle of *Griffin* v. *Illinois,* 351 U. S. 12, 19 (1956), that "Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." The Court in *Lane* went on to observe that *Smith* had established "that these principles were not to be limited to direct appeals from criminal convictions, but extended alike to state postconviction proceedings." 372 U. S., at 484. See also *Eskridge* v. *Washington State Board,* 357 U. S. 214 (1958); *Burns* v. *Ohio,* 360 U. S. 252 (1959); *Draper* v. *Washington,* 372 U. S. 487 (1963).

The State suggests that there may be alternative ways of preparing, for purposes of appeal, an account of the relevant proceeding at the trial level. Cf. *Draper* v. *Washington, supra.* In the present case, a transcript is

available and could easily have been furnished. We need not consider a possible situation where a transcript cannot reasonably be made available and adequate alternatives are made available by the State. Accordingly, the judgment below must be reversed and the cause remanded to the Supreme Court of Iowa for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*