JAMES ROACH, appellant, v. JOHN E. BENNETT, warden, Iowa State Penitentiary, appellee.

No. 52121.

(Reported in 148 N.W.2d 488)

FEBRUARY 7, 1967.

James Roach, pro se.

Richard C. Turner, Attorney General, and Ted F. Fay, Jr., Assistant Attorney General, for appellee.

LARSON, J.—Pursuant to a county attorney's information filed April 3, 1964, charging the appellant, James Roach, with murder in the second degree in violation of section 690.3, Code of Iowa, 1962, appellant entered a plea of guilty before the district court on April 21, 1964, and on the same date was sentenced to serve a term of sixty years in the State Penitentiary. On or about March 12, 1965, after commitment, he petitioned for a writ of habeas corpus. It was denied after hearing on September 8, 1965, in the Lee County District Court. He appeals. We affirm.

■ While appellant appears pro se in this appeal, and certain requirements of the rules regarding the form of the record and brief and argument are not met, we have tried to understand his complaint and have considered his propositions and arguments. Although this appeal was ordered dismissed in the event no proper printed record was filed before November 15, 1966, and even though this has not been done, as a matter of grace we will review the proceedings here to see if appellant has been treated fairly in all previous proceedings pertaining hereto.

From the submitted record and its several supplements we glean that the habeas corpus hearing below was conducted by appellant pro se. In that hearing it appeared James Roach had on March 12, 1964, called the Des Moines police to report that he had killed his wife and wanted to talk to someone about it. Officer Cunningham responded and Roach told him he had stabbed his wife to death and directed a search for her body "about five miles into Jasper County east from the Polk-Jasper county line, three and two-tenths miles southeast of Colfax." With his help the officers located the body and, pursuant to a search in the general area where appellant said he had thrown the knife, recovered it on March 13, 1964. In the meantime appellant had been taken to the Jasper County jail in Newton, Iowa. When shown the recovered knife by the searching officers, he identified it as the murder weapon. He did not have assistance of counsel on these occasions. The sheriff of Jasper County testified appellant's sister notified him on March 12 that she had retained an attorney for appellant and that he would visit the jail the next morning, that Attorney Nick Friedman did arrive about nine o'clock on March 13 and said he had been retained to represent defendant by Mr. Roach's sister. It further appears Mr. Friedman acted as his attorney thereafter although, due to the absence of the district judge, Friedman was not formally appointed until March 20, 1964. This appointment, however, was made effective on March 13, 1964.

On March 13, 1964, appellant was arraigned before a justice of the peace on a charge of first-degree murder and waived preliminary hearing. As we understand it, Mr. Friedman was not

present on that occasion. However, thereafter Friedman, without appellant's objection, appeared with him at each court appearance.

After a full hearing in the habeas corpus action in which several exhibits were introduced and witnesses were subpoenaed and examined by appellant acting pro se, the court dismissed the writ.

In our review of these proceedings we have carefully examined his record and the exhibits and considered his written arguments. Our difficulty with the piecemeal record continues with appellant's many contentions, propositions and alleged assignments of errors. However, we, like the Attorney General, find they generally are as follows: (1) That appellant was denied counsel from the time of his arrest until eight days thereafter, including the time of his arraignment; (2) that he was held incommunicado for eight days following his arrest and arraignment; (3) that his transfer to the Mental Health Institute for mental evaluation was not done in compliance with statutory requirements; (4) that the charge filed against him was reduced without his or his counsel's presence in open court; (5) that he was interrogated by the officers in the absence of counsel from the time of his arrest until March 20, 1964, and his "inculpatory statements * * * were utilized against petitioner"; (6) that the news media in the area published material prejudicial to him and his case; (7) that in the habeas corpus hearing petitioner was not permitted to orally argue his case in the trial court; (8) that the court failed to specifically rule on each exhibit offered in the habeas corpus hearing; and (9) that "defendant is called mentally non-sui-juris * * * (while nowhere) in the files of any court can a ruling be found to support such action." We find no merit in any of these contentions and will group them for consideration here.

■■ I. Although the evidence does not sustain many of appellant's factual contentions, it does appear he gave admissions and statements as to his guilt during the first two days of his detention without being advised of his right to counsel. However, he cannot be granted relief in this habeas corpus on those grounds when it appears that he voluntarily and advisedly

entered a plea of guilty to the charge against him on April 21, 1964, which was prior to June 22, 1964, the effective date of Escobedo v. Illinois, 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed.2d 977. Johnson v. New Jersey, 384 U. S. 719, 86 S. Ct. 1772, 16 L. Ed.2d 882; Davis v. North Carolina, 384 U. S. 737, 86 S. Ct. 1761, 16 L. Ed.2d 895; Miranda v. Arizona (1966), 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694; State v. Fox, 257 Iowa 174, 131 N.W.2d 684. Petitioner's case here came on for trial on April 21, 1964. Since statements allegedly given were not introduced or considered in a trial, the rights announced in Escobedo and Miranda could not have been violated. We are also satisfied statements and admissions made by petitioner to the officers were completely voluntary and were given without the use of any force or prolonged questioning. In fact, it seems appellant desired to reveal his crime to ease his own conscience. He volunteered to aid authorities in finding the body of his wife and the weapon used in perpetrating the crime. It was pursuant to his claim of mental illness that he was sent to the Mental Health Institute for examination and evaluation. In any event there was no proffered evidence in the habeas corpus hearing which would indicate his plea to the crime of second-degree murder was coerced or involuntarily entered. It is not contended he was not then duly represented by counsel, nor that his counsel was ineffective. In fact, it seems counsel succeeded in getting the charge against him reduced. Why he complains of this simply because he was not present, we do not understand.

██ While the procedures used to obtain a mental evaluation of petitioner may or may not have been proper, and the sheriff's refusal to allow his brother-in-law an audience with him the day after the crime was committed may or may not have been justified, and the news media may or may not have treated him fairly in its publicity, and while the defendant was not confronted with the State's witnesses at any hearings, these complaints were, as we have pointed out, rendered moot by appellant's voluntary plea of guilty entered in open court. He makes no contention that this plea was coerced or was entered when he was not duly advised by his counsel or that the court

acted improperly in accepting his plea. We must, therefore, conclude the plea was properly accepted by the Jasper County District Court and the sentence was properly pronounced thereafter. Issues which might otherwise have been raised in a jury trial must be deemed waived. We conclude there was no showing of unfairness or of undue advantage having been taken of him in those proceedings.

■ II. Appellant's final contention is that he was wrongfully denied the right to orally argue his cause in the hearing on his habeas corpus petition. From the record we learn petitioner pro se fully presented his evidence before the court and cross-examined the State's witnesses, and that he was afforded a complete and correct transcript of all proceedings in his criminal case without cost or expense to him. His exhibits were accepted and considered by the court. While his application on the 12th of March, 1965, for the appointment of counsel to assist in the prosecution of his habeas corpus action was not granted, it appears this court considered and rejected his petition for a writ of certiorari complaining of the refusal of the trial court to permit him to orally argue his case at the time of the hearing. He cites no authority to sustain his claim that this was reversible error. We are satisfied he received a complete and exhaustive hearing and consideration of all his contentions at that time.

■ We find no rule of procedure or statute which requires the court to specifically rule upon each exhibit introduced in such a hearing, and our attention is not called to any prejudice to appellant by the court's failure to so rule. Nor do we find any requirement that the court hear oral arguments. It does not appear appellant was denied permission to file a written argument herein, and we find no reversible error in these assignments.

■ This appeal, indirectly at least, raises the interesting question as to whether appellant had a constitutional right to the assistance of state-appointed counsel in the prosecution of his habeas corpus action. While it may in the future be a recognized right in criminal matters, neither this court nor the United States Supreme Court has yet made such an announcement. We do not do so now. However, in connection with that

problem, we may point out there is no provision in our present laws for compensating such appointed counsel by the State, and it would seem quite unfair to require counties where custodial institutions are located to assume such an obligation and burden hereafter.

III. The other contentions need no discussion and are rejected. Having found no reversible error, the judgment of the trial court is affirmed and the writ dismissed.—Affirmed.

GARFIELD, C. J., and THORNTON, SNELL and STUART, JJ., concur.

MOORE, J., takes no part.

MASON, J., dissents.

RAWLINGS and BECKER, JJ., dissent.

RAWLINGS, J.—I respectfully dissent. In my humble opinion this indigent and incarcerated defendant, having so requested, was entitled to the benefit of appointed counsel in connection with the prosecution of his habeas corpus action. See Long v. District Court of Iowa, 385 U. S. 192, 87 S. Ct. 362, 17 L. Ed.2d 290, 35 Law Week 4046; Lane v. Brown, 372 U. S. 477, 83 S. Ct. 768, 9 L. Ed.2d 892; Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed.2d 799, 93 A. L. R.2d 733; Smith v. Bennett, 365 U. S. 708, 81 S. Ct. 895, 6 L. Ed.2d 39; 50 Iowa Law Review 1076; and 50 Iowa Law Review 1246.

I would reverse and remand for appointment of counsel and a new hearing.

BECKER, J., joins in this dissent.