In the Matter of BENJAMIN BROWN, Petitioner, *v.* SUPREME COURT, NEW YORK COUNTY, Respondent.

First Department, March 12, 1968.

*Benjamin Brown,* petitioner in person.

*Per Curiam.* Petitioner appearing *pro se* moves in this court for relief in the nature of an article 78 proceeding. The object of the proceeding is to obtain the minutes of a certain hearing described below. Petitioner had previously moved for the same relief in Special Term. His motion was denied and the matter is not appealable. This application, though phrased as being *de novo,* is in reality an appeal from the Special Term. Moreover, petitioner's papers are entirely inadequate, as they contain no proof of facts, the only purported proof being a copy of a letter to petitioner from his attorney, who does not represent him on this particular application. We have, nonetheless, considered the application on the merits to avoid additional applications and to apprise petitioner of what relief may be open to him.

The minutes sought by petitioner are those of an extradition proceeding held in the Supreme Court as a result of which petitioner was extradited to New Jersey. Presumably he was tried and convicted in New Jersey on the charge on which he was extradited. He is now engaged in post-conviction proceedings in New Jersey challenging the conviction on the ground that the prosecutor knowingly introduced perjured testimony. He desires the extradition minutes not to challenge that proceeding but to show that a witness testified differently from the way he testified at the trial.

Section 456 of the Code of Criminal Procedure provides for supplying of minutes to an indigent defendant. It is limited to the situation where a conviction has been obtained in the court in which the proceeding was heard and an appeal from that conviction was taken. Clearly, that is not the situation here. And as the statute does not distinguish between trial and post-conviction proceedings, it does not offend against the principle of *Long* v. *District Ct. of Iowa* (385 U. S. 192).

The principle here involved is whether this State must supply the minutes of a pretrial proceeding not under attack, for use in a proceeding in another State. According to all the authorities the State in which the proceeding is pending is the party obligated to supply minutes (*Smith* v. *Bennett,* 365 U. S. 708; *Griffin* v. *Illinois,* 351 U. S. 12). Application should be made to that court, and if it is so advised the State may secure the minutes in the same manner as any other litigant could.

The motion should be denied and the petition dismissed, without costs or disbursements.

STEVENS, J. P., STEUER, CAPOZZOLI, RABIN and McNALLY, JJ., concur.

Motion in the nature of a proceeding under article 78 of the CPLR, to obtain a free transcript of the stenographic minutes of an extradition hearing denied and the petition dismissed, without costs or disbursements.