213 So.2d 241

**Jessie ARGO**

v.

**STATE.**

**6 Div. 176.**

Court of Appeals of Alabama.

May 21, 1968.

Rehearing Denied June 25, 1968.

Jessie Argo, pro se.

MacDonald Gallion, Atty. Gen., for the State.

JOHNSON, Judge.

Appellant petitioned the Supreme Court of Alabama for writ of certiorari to this court to review and revise the judgment and decision in Argo v. State, 43 Ala.App. 553, 195 So.2d 818. This writ was denied by the Supreme Court of Alabama.

Appellant then submitted his cause to the Supreme Court of the United States purportedly on the said petition for certiorari which latter petition the Supreme Court of the United States granted.

The Supreme Court of the United States on March 4, 1968, vacated the judgment of the Supreme Court of Alabama in denying certiorari and remanded the cause for further consideration in the light of Long v. Dist. Court of Iowa, 385 U.S. 192, 87 S.Ct. 362, 17 L.Ed.2d 290. (No. 121 Miscellaneous, October Term, 1967)

The Supreme Court of Alabama has now remanded the cause to this court.

In *Long,* supra, the petitioner sought a writ of habeas corpus in the District Court of Iowa, Lee County. After an evidentiary hearing at which he was not afforded assistance of court-appointed counsel, the court found against the petitioner. He then applied to the District Court for appointment of counsel and for a free transcript of the habeas corpus proceedings, for use on appeal. The District Court denied these motions on the ground that: "Habeas corpus being a civil action there is no provision in the law for the furnishing of a transcript without the payment of fee, or for the appointment of counsel."

The Supreme Court of Iowa denied certiorari on this decision.

The Supreme Court of the United States in reversing stated in part:

" '[T]o interpose any financial consideration between an indigent prisoner of

the State and his exercise of a state right to sue for his liberty is to deny that prisoner the equal protection of the laws.' Smith v. Bennett, 365 U.S. 708, at 709, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961). We specifically held in Smith that having established a post-conviction procedure, a State cannot condition its availability to an indigent upon any financial consideration. And we held in Lane that the same rule applies to protect an indigent against a financial obstacle to the exercise of a state-created right to appeal from an adverse decision in a post-conviction proceeding."

In the case at bar the record reveals that the coram nobis hearing was conducted on September 8, 1965; that appellant was represented by court-appointed counsel; that petition for writ of error coram nobis was denied; that appellant on that date gave notice of appeal; that the Deputy Solicitor for Bessemer Division of Jefferson County was served with notice of such appeal on September 20, 1965; that on November 16, 1965, appellant filed a written notice of appeal and free transcript; and that on November 17, 1965, the application for free transcript was denied by the lower court, which in its order stated in part as follows:

"Subsequently the defendant filed in the Circuit Court a petition for Writ of Error Coram Nobis, Case No. 235421½, and the Court appointed counsel for the defendant in this case and hearing was held in open court on the merits of the petition, and judgment rendered on September 8, 1965, overruling and denying such petition. Such ruling was made in open court in the presence of the defendant and his court appointed counsel, whereupon the defendant in open court and in the presence of the court appointed counsel gave notice of appeal from such ruling. At such time no motion, either oral or written, was made for a transcript of evidence or for appointment of counsel on appeal.

"*Record proper of the appeal was prepared by the Clerk and mailed to the Supreme Court on October 1, 1965.* [Italics added.]

"On November 16, 1965 defendant filed in the Office of the Clerk a written pleading designated as 'Notice of Appeal' and the 'Application for a Free Evidence Transcript and Free Appeal.' The defendant on September 8, 1965, in open court, duly took an appeal from the judgment overruling and denying his petition; and upon the taking of the appeal the time for seeking a free transcript of the evidence under Title 15 Section 380(14) 238(25) Pocket Part Code of Alabama, 1940, commenced to run. Keeton vs. State [278] Ala. [81], 176 [175] So.2d 774. By November 16, 1965 the time for applying for the transcript had expired. It therefore appears that since the defendant on September 8, 1965 had already perfected an appeal, his subsequent notice of appeal on November 16, 1965 is ineffectual; and since the time for making application for a free transcript of the evidence has expired, this application should be denied.

\* \* \* \* \* \*

"It is therefore ordered, adjudged and decreed by the court as follows:

"1. That the Petition of Jessie Argo for Writ of Error Coram Nobis be and the same is hereby denied.

"2. That the costs of Court accrued herein be and the same are hereby assessed against Petitioner.

"Done, ordered, and Decreed this 8th day of September, 1965. G. F. Goodwyn, Jr., CIRCUIT JUDGE

"Filed Sept. 8, 1965
"Elmore McAdory, Circuit Clerk & Register

"Defendant gives notice of appeal."

Act No. 525, Sec. 3, approved September 16, 1963, Vol. II, p. 1130, states in part as follows:

"\* \* \* In such other cases, including habeas corpus and coram nobis,

which are related or collateral proceedings to a conviction of a criminal offense, and which proceedings involve the life, liberty or property of a person convicted of a crime, the person convicted may within ten days after a judgment or order disposing of the proceedings adversely to said person file with the clerk or the trial judge of the court making said order a similar petition describing and identifying the proceeding; and stating the desire of the petitioner to appeal under the provisions of sections 380(14)–380(25) of this title."

See: 1965 Cum.Supp. to Vol. V, 1958, Recompiled, Code of Ala., Tit. 15, Sec. 380(16).

Appellant had six months from the date of judgment to give notice of appeal from denial of coram nobis. Allen v. State, 42 Ala.App. 9, 150 So.2d 399; Ex parte Nations, 42 Ala.App. 137, 155 So.2d 320. However, upon giving notice of appeal appellant then had ten days within which to file his petition for free transcript. Keeton v. State, 278 Ala. 81, 175 So.2d 774; Tit. 15, Sec. 380(16), supra.

Appellant was tardy by 59 days in filing his petition for a free transcript.

We are of the opinion that the facts in the instant case do not correspond to those in *Long* supra, in that appellant was represented by counsel at the coram nobis hearing. In *Long*, the petitioner was not represented by counsel at the hearing.

In *Long* the petitioner was denied a free transcript as a matter of right because "there is no provision in the law for the furnishing of a transcript without the payment of fee, * * *." In the case at bar, appellant was not denied a free transcript as a matter of right but because he did not file the necessary petition within the time specified by statute. Tit. 15, Sec. 380(16), supra.

Having again searched the record and finding no error therein, the judgment in the cause is due to be and the same is hereby

Affirmed.

On Rehearing

PER CURIAM.

In our original opinion, we quoted in part the lower court's order denying free transcript and the lower court's decree denying coram nobis.

We wish to note that the decree denying coram nobis, which included the record entry of defendant's notice of appeal, is not the decree to the order denying free transcript quoted thereinabove.

Opinion extended. Application overruled.