588

Linda Lea REED, Petitioner,

v.

Rex T. DUTER, Superintendent, Wisconsin School for Girls, Respondent.

No. 68–C–206.

United States District Court
W. D. Wisconsin.

Feb. 24, 1969.

Joseph F. Preloznik, Thomas A. Lockyear, Kent A. Martin, Jonathan D. Jackson, Madison, Wis., for petitioner.

Robert W. Warren, Atty. Gen., William A. Platz, Sverre O. Tinglum, Asst. Attys. Gen., Madison, Wis., for respondent.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

Petitioner, presently confined in the Wisconsin School for Girls, seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, claiming that she is being detained in violation of her rights under the Constitution of the United States. Petitioner asserts that the proceedings in which she was adjudged a delinquent deprived her of rights secured to her by the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.

Petitioner initially filed with the court a petition for appointment of counsel. The petition requested, among other things, appointment of counsel to represent petitioner for the purpose of filing a petition for a writ of habeas corpus with this court. The petition alleged that petitioner had been adjudged a delinquent by the County Court, Children's Division, of Milwaukee County on April 10, 1968; that petitioner was, and had been since April 12, 1968, confined in the Wisconsin School for Girls at Oregon, Wisconsin, pursuant to said adjudication of delinquency; that on July 25, 1968, petitioner filed with the Circuit Court for Dane County an affidavit alleging that the adjudication of delinquency had been entered without full compliance with the requirements of due process as set forth in In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), an affidavit alleging that petitioner was without sufficient funds to retain counsel, and a petition for appointment of counsel to assist petitioner in pursuing post-conviction remedies available to petitioner in Dane County; that on July 26, 1968, the petition for appointment of counsel was denied by

the Circuit Court for Dane County, Hon. W. L. Jackman presiding, without consideration of the merits of petitioner's claim, on the ground that counsel should be appointed by the county which had committed petitioner; that petitioner subsequently filed similar affidavits and petition with the Circuit Court for Milwaukee County; that on August 9, 1968, the petition for appointment of counsel was denied by the Circuit Court for Milwaukee County, Hon. Max Raskin presiding, without consideration of the merits of petitioner's claim, on the ground that such appointment should be made in the county in which petitioner is detained; that petitioner then filed a petition with the Wisconsin Supreme Court requesting the court to exercise its superintending powers under the Wisconsin Constitution to resolve the problem; that on October 1, 1968, this petition was denied; that on October 9, 1968, petitioner filed with the Wisconsin Supreme Court a petition for leave to commence an original action of mandamus and for other relief; that on October 10, 1968, the Wisconsin Supreme Court issued an alternative writ of mandamus to Judge Raskin directing him to appoint counsel for petitioner or, in the alternative, to show cause why he should not appoint such counsel; that on October 17, 1968, Judge Raskin by his attorneys filed with the Wisconsin Supreme Court a motion to implead Judge Jackman; that on the same date the Wisconsin Supreme Court issued an order to show cause to Judge Jackman directing him to show cause why he should not be made a party to the action in question; that on October 23, 1968, Judge Jackman filed with the Wisconsin Supreme Court a response to the order to show cause in the form of. an affidavit alleging that a full and complete determination of the controversy before the court could be made without joinder of additional parties; and that the inability of petitioner to obtain review of the merits of her petition in the courts of the State of Wisconsin constitutes "an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner," within the meaning of 28 U.S.C. § 2254(b).

Joseph F. Preloznik, a member of the bar of this court, was appointed to represent petitioner for the purpose of filing a petition for a writ of habeas corpus with this court.

A petition for a writ of habeas corpus which incorporates the allegations of the petition for appointment of counsel was subsequently submitted together with a petition for leave to file the petition for a writ of habeas corpus without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915. Leave was granted to file the petition for a writ of habeas corpus *in forma pauperis*; respondent was directed to respond and was particularly requested to respond to the allegation that there exists for petitioner "an absence of available State corrective process or * * * the existence of circumstances rendering such process ineffective to protect the rights of the prisoner" within the meaning of 28 U.S.C. § 2254(b); and a response was filed.

A non-evidentiary hearing was subsequently held with respect to the following issues:

(1) If a state court fails or refuses to appoint counsel for a petitioner who desires to file a petition for habeas corpus in a state court, does there exist by reason of such failure or refusal "an absence of available State corrective process or * * * circumstances rendering such process ineffective to protect the rights of the prisoner" within the meaning of 28 U.S.C. § 2254(b)?

(2) The orders of the Circuit Court for Dane County, dated July 26, 1968, and the Circuit Court for Milwaukee County, dated August 7, 1968, respectively denied petitioner's petitions for appointment of counsel to assist petitioner in pursuing her post-conviction remedies "without examination or determination of the merits of the claims presented" and "without preju-

dice to any application by Petitioners to" the proper court of the county of petitioner's residence, in the one case, and the proper court of the county of petitioner's detention, in the other. If the answer to question (1) is no, are the said orders nevertheless to be construed as barring a petition *pro se* for habeas corpus and as reflecting "an absence of available State corrective process or * * * circumstances rendering such process ineffective to protect the rights of the prisoner" within the meaning of 28 U.S.C. § 2254(b)?

Briefs have been filed with respect to these issues.

■ With regard to issue (1), it is well established that prisoners are not constitutionally entitled to appointment of counsel for the purpose of pursuing post-conviction remedies. See Dillon v. United States, 307 F.2d 445, 446 (9th Cir., 1962); United States ex rel. Wissenfield v. Wilkins, 281 F.2d 707, 715 (2d Cir., 1960); United States v. Caufield, 207 F.2d 278, 280 (7th Cir., 1953); United States ex rel. Rush v. York, 281 F.Supp. 779 (D.Conn., 1967); cf. Long v. District Court of Iowa, 385 U.S. 192, 87 S.Ct. 362, 17 L.Ed.2d 290 (1966).

■ Petitioner contends that a confined minor should be entitled to appointment of counsel in order to avoid the severe injustice which may result from the fact that such a person may be completely incapable of articulating the nature of his grievance or completely unaware of his constitutional rights. Petitioner contends that federal courts have recognized that a certain class of petitioners exists, who by the nature of their particular case or circumstance require appointment of counsel to ensure due process in their post-conviction proceeding and that the case of a confined minor is such a case or circumstance. Petitioner cites Dillon v. United States, *supra,* and Green v. United States, 158 F.Supp. 804 (D.Mass.) aff'd 256 F.2d 483 (1st Cir.) cert. denied 358 U.S. 854, 79 S.Ct. 83, 3 L.Ed.2d 87, for this proposition.

In Green v. United States, *supra,* it was recognized that where there are issues of fact to be tried, it may be a deprivation of due process to deny counsel to an indigent to assist him in trying those issues. It was also recognized, however, that where the only issues are issues of law, there is no valid constitutional claim to have counsel appointed to argue those issues. In Dillon v. United States, *supra,* it was held to be an abuse of discretion to refuse to appoint counsel to assist a prisoner in presenting his motion to vacate sentence, pursuant to 28 U.S.C. § 2255, where the motion raised a triable issue of fact regarding a promise made by the prosecution to make a recommendation as to the sentence to be imposed.

Neither of the cases cited by petitioner suggests the adoption of the blanket rule sought by petitioner (namely, that counsel must be provided invariably upon request by a confined minor). Nor does it appear that there should be such a constitutional requirement. It is true, of course, that such a requirement might avoid an injustice to a confined minor who is totally incapable of articulating the nature of his grievance or who, though not deficient in powers of articulation, is simply unaware that he has been clearly deprived of a right guaranteed to him by the Constitution of the United States. The practical consequences of such a blanket rule, however, are too staggering to permit its adoption. A confined minor might address an endless stream of requests to the court for the appointment of counsel to consult with him regarding a possible application for post-conviction remedies. Under such a rule, an application for appointment of counsel could not be denied even though it had been preceded by ten others, in response to each of which counsel had already been appointed, because it could not be said in advance that on the eleventh occasion the confined minor might not advise court-appointed counsel of some deficiency in the juvenile court proceedings which would indeed entitle the minor to release on a

writ of habeas corpus. It is largely because of such practical consequences that the constitutional right to counsel has not been extended beyond the direct appeal of the original conviction. See Dillon v. United States, *supra* at 446–447, n. 3.

Perhaps the constitutional rule should be that the court must appoint counsel for a petitioner who is a confined minor and who sets forth in his initial petition sufficient allegations which, if proved, would support a finding by the court that the assistance of counsel is reasonably necessary to an adequate presentation of the claim for post-conviction relief. It is unnecessary in the present case, however, to decide whether such a constitutional rule should be adopted. In her petition to Judge Jackman and in her petition to Judge Raskin, this petitioner clearly failed to set forth allegations sufficient to require a determination that the appointment of counsel is reasonably necessary for the presentation of petitioner's case on the merits. The petition to Judge Jackman and the petition to Judge Raskin clearly reveal that petitioner is a minor, but they fail to set forth any facts from which a court could determine whether the appointment of counsel is necessary to the presentation of petitioner's claim on its merits. The petition to Judge Jackman and the petition to Judge Raskin each contain only a formal, conclusory assertion that petitioner was denied one or more rights secured to her by *In re Gault, supra.*

With respect to issue (2) regarding the construction of the orders issued by Judge Jackman and Judge Raskin, it appears that petitioner clearly petitioned both courts only for the appointment of counsel to assist her with a petition for a writ of habeas corpus. She did not petition either court for a writ of habeas corpus. It is, therefore, unnecessary to reach the question whether there would exist "an absence of available State corrective process or * * * circumstances rendering such process ineffective to protect the rights of the pris-

oner" within the meaning of 28 U.S.C. § 2254(b) in a situation in which a minor petitions state court A for a writ of habeas corpus and is summarily referred to state court B, and if the minor then petitions state court B for a writ of habeas corpus and is summarily referred to state court A, and if the state's supervising judicial authority were to indulge in inordinate delay in acting upon an application by petitioner resolving the conflict between state courts A and B.

 I conclude that there does not exist with respect to petitioner "an absence of available State corrective process or * * * circumstances rendering such process ineffective to protect the rights of the prisoner" within the meaning of 28 U.S.C. § 2254(b). Petitioner has failed to exhaust the remedies available to her in the courts of the state.

Accordingly, the petition for a writ of habeas corpus is hereby dismissed.