## Richmond

TONY MCCOY v. CHARLES M. LANKFORD, JR., JUDGE OF THE CIRCUIT COURT OF ACCOMACK COUNTY, AND J. FULTON AYRES, CLERK OF THE CIRCUIT COURT OF ACCOMACK COUNTY.

October 13, 1969.

Record No. 7287.

Present, Snead, C. J., and I'Anson, Carrico, Gordon and Harrison, JJ.

*William A. Young, Jr. (Wallerstein, Goode, Dobbins & Shuford,* on brief), for petitioner.

*Reno S. Harp, III, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for respondent.

EGGLESTON, C. J., delivered the opinion of the court.[1]

Tony McCoy filed in this court a petition *pro se* against Charles M. Lankford, Jr., Judge of the Circuit Court of Accomack County, and J. Fulton Ayres, clerk of that court, praying that they be required to furnish him, without cost, certified copies of the arrest warrants, the indictment, the order of conviction and the transcript of the proceedings in the trial held in that court on September 14, 1968, whereby he was convicted upon a charge of murder. The petitioner alleged that he was a pauper and prayed leave to proceed *in forma pauperis.*

---

[1] This opinion was prepared by former Chief Justice Eggleston before his retirement and is adopted as the opinion of the court.

In response to an order to show cause, the respondents filed a motion to dismiss the petition on the ground that it was insufficient at law and that the petitioner was not entitled to the relief prayed for.

In a rebuttal filed by the petitioner *pro se* he alleged that the records and transcript were "essential to prepare an effective petition" for a writ of habeas corpus and that a denial of his request for them "would be a denial of due process of law." In an affidavit subsequently filed the petitioner states that "he has been unable to obtain the documents from the clerk of the circuit court of Accomack County or the records section of the Virginia State Penitentiary," and that he "needs the documents in good faith to prepare his habeas corpus petition."

We appointed counsel to prosecute on behalf of the petitioner his petition for a writ of mandamus.

No evidence has been taken on behalf of the respective parties, but the briefs agree that the petitioner is presently confined in the Virginia State Penitentiary pursuant to a judgment of the Circuit Court of Accomack County entered on September 14, 1968, whereby he was sentenced to serve a term of twenty years on an indictment for murder. The issue presented to us is whether, upon this record, the petitioner is entitled to be furnished, without cost, the designated records and transcripts, or any of them.

It has been settled by the decisions of the Supreme Court of the United States that the principle that destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts is not limited to direct appeals from criminal convictions, but extends alike to post-conviction proceedings. *Smith v. Bennett,* 365 U. S. 708, 714, 81 S. Ct. 895, 898, 6 L. ed. 2d 39, 43-44 (1961); *Lane v. Brown,* 372 U. S. 477, 483, 484, 83 S. Ct. 768, 773, 9 L. ed. 2d 892, 897 (1963); *Long v. District Court of Iowa, etc.,* 385 U. S. 192, 194, 87 S. Ct. 362, 364, 17 L. ed. 2d 290, 292-293 (1966).

Thus, in the present case, if the desired records and transcript are necessary to the preparation and prosecution of the petition for a writ of habeas corpus, the petitioner is entitled to be furnished them without cost. Code § 14.1-183 [Repl. Vol. 1964].

In the brief filed on behalf of the petitioner it is pointed out that under the terms of Code § 8-596.1, Cum. Supp. 1968 (Acts of Assembly 1968, ch. 359, p. 463), prescribing the form and contents of a petition for a writ of habeas corpus, a prisoner must give detailed answers to certain specified questions with respect to his criminal trial. Among these are:

"1. ‘Name and location of court which imposed the sentence from which you seek relief: . . . . . .

"2. The offense or offenses for which sentence was imposed (include indictment number or numbers if known): . . . . . .

"3. The date upon which sentence was imposed and the terms of the sentence: . . . . . .

"4. Check which plea you made and whether trial was by jury:
"Plea of guilty: . . . ; Plea of not guilty: . . . ;
"Trial by jury: . . . ; Trial by judge without jury: . . . .”

The instructions incorporated in the statute for such a petition point out that petitioners should "exercise care to assure that all answers are true and correct."

It is obvious that in order to comply with these instructions and answer the specified questions the petitioner will need copies of the indictment and order of conviction. Copies of the arrest warrants and the returns thereon will show the dates of his alleged illegal arrest of which he complains.

On May 25, 1964 the Attorney General of Virginia ruled, in an opinion letter to the judge of the Circuit Court of the City of Richmond, that a trial court should furnish to an indigent prisoner, at the expense of the Commonwealth, certified copies of the warrant, indictment and court orders pertaining to his conviction, upon the filing of an affidavit that he needs these records in order that he might prosecute a petition for a writ of habeas corpus.

On October 10, 1968 the Attorney General, in a letter opinion to the clerk of the Circuit Court of Accomack County, overruled his former opinion and held that in view of the enactment in 1968 of Code § 8-596.1, *supra*, the clerk of a trial court is not now required to furnish a copy of the record or transcript of an indigent prisoner's trial in order that he may prepare a petition for a writ of habeas corpus. The opinion points out that § 8-596.1, which prescribes the form of a petition for a writ of habeas corpus, does not require that such court records or transcript be appended to the same. Moreover, it pointed out that since a prisoner's petition for a writ of habeas corpus must be filed in the court where the judgment of conviction was entered,[2] "[a]ll of the records pertaining to his conviction, of

---

[2] Code § 8-596 (b) (1), as amended by Acts of Assembly 1968, ch. 487, p. 700.

course, will be available to that court," and hence there is no necessity that they be furnished to the indigent prisoner.

It is true that the statutory form does not require that such court records be appended to the petition. But we do not agree that the fact that the records of the petitioner's criminal trial, which was held in the Circuit Court of Accomack County, will be available to the same court where the habeas corpus proceeding is to be tried dispenses with the necessity of furnishing the desired records to him. Obviously, the petitioner, who is confined in the State Penitentiary at Richmond, has no access to the records of his criminal trial in the Clerk's Office of the Circuit Court of Accomack County.

The brief of the Attorney General suggests that the petitioner may obtain the desired information with respect to his criminal trial "by making inquiry of the Record Office at the Virginia State Penitentiary. *Most of this information* is available there." (Emphasis added.) But the petitioner states in his affidavit that he has been unable to obtain the desired information there.

We hold that under the stated circumstances the petitioner should be furnished, without cost, certified copies of the arrest warrants, indictment and the order of conviction at his criminal trial.

The petitioner also prays that he be furnished a transcript of his criminal trial. He admits that he is not entitled to this for examination in order to determine whether he will engage in litigation (*United States* v. *Glass,* 317 F. 2d 200 (4th Cir. 1963)), but says he has determined in good faith that he has grounds for relief by way of habeas corpus and that the transcript of his criminal trial will show that such grounds are well founded. This allegation relates to evidence which may be developed at the trial of the habeas corpus petition where the transcript will be available. It does not aver, nor do the petitioner's pleadings or brief show, that the transcript is necessary to the preparation of the petition for a writ.

The prayer for a copy of the transcript of the criminal trial is denied.

*Writ awarded in part; denied in part.*