**DURKIN, Secretary of Labor, U. S. Department of Labor v. LOV–KNIT MFG. CO., Inc.**

Civ. 4843.

United States District Court, N. D. of Texas, Dallas Division.

Feb. 28, 1953.

William S. Tyson, Washington, D. C., Earl Street and Harry Campbell, Jr., of Dallas, Tex., for plaintiff.

Olin P. McWhirter, Greenville, Tex., for defendant.

ATWELL, Chief Judge.

This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., brought against the defendant for failure to liquidate weekly wages due its employees. There is no complaint that the amount of wages was not thoroughly in compliance with the Act.

Testimony discloses that about 40% of the output of the defendant is interstate commerce, the remainder being intrastate commerce, and the employees engaging in the manufacture and making of both.

The defendant has had financial difficulties, and in 1950 succeeded in making an arrangement under the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., at which time it was indebted to its employees for back pay in the sum of approximately $6,800. Since that time these amounts have been so reduced as to now to be approximately $4,-000.

Testimony further discloses that the employees are never paid the full amount that is due them for a week's work. That has not been complained about by the employees. The employer has not cut their wages in any manner. It is just not able to pay the full amount due at the time that it is due, but a complete and accurate account of the unpaid portion is kept in the records of the employer.

It is further disclosed in the testimony that this unpaid balance is being constantly reduced and that upon this coming payday, which will be Friday, February 27th, the entire amount of the current wages will be paid. That that portion mentioned above as having accumulated before the bankruptcy arrangement will be speedily liquidated.

The employees have not waived, in any manner, the amounts due them, nor have they protested because of the failure of full settlement on each payday.

Such cases as Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 65 S.Ct 895, 89 L.Ed. 1296; Seneca Coal & Coke Co. v. Lofton, 10 Cir., 136 F.2d 359, and Rigopoulos v. Kervan, 2 Cir., 140 F.2d 506, 507, 151 A.L.R. 1126, have been cited as authority, but neither of them assists in the settlement of this controversy. Each relates to a separate matter. In the last mentioned case is a Section which is somewhat helpful, and it provides that, "Section 7 of the Act, 29 U.S.C.A., § 207, plainly contemplates that overtime compensation shall be paid in the course of employment and not accumulated beyond the regular pay day." The Seneca case is then cited, and the thought concludes with this language, "Hence the failure to pay it, when due, was a violation of section 7, which rendered the employer 'liable,' as declared in section 16(b), not only for the unpaid overtime compensation but also for liquidated damages in an additional equal amount. This is a single and entire liability. It is not discharged in toto by paying one-half of it."

■ So, we see that the facts of the present case are sui generis. Employees are satisfied. Employer is satisfied. But, the Secretary of Labor is not satisfied with this method of paying an employee only a portion of what is due him on payday, and leaving the balance for settlement when the employer has the funds.

Under the stipulation, however, that cash arrangements have been made so that regular and full payment shall be made on the next payday, the court carries this matter over until the day after the next regular payday for the entry of a final decree.

■ Continuing the observations after the passing of the Friday mentioned above, I find that the current wages were paid all employees at that time. That being a fact, coupled with the statement in open court that such procedure will be followed, the injunction will be denied. It must be borne in mind, however, that this decree may be reopened if and when the practice of not paying in full, is resumed.