**DURKIN**

v.

**LOVKNIT MFG. CO., Inc.**

**No. 14610.**

United States Court of Appeals
Fifth Circuit.

Dec. 22, 1953.

Earl Street, Reg. Atty. Dept. of Labor, Dallas, Tex., Bessie Margolin, Atty. Dept. of Labor, Washington, D. C., Stuart Rothman, Solicitor, Sylvia S. Ellison, Attorney, United States Department of Labor, Washington, D. C., for appellant.

Olin P. McWhirter, Greenville, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Brought by the Secretary of Labor under Section 17[1] of the Fair Labor Standards Act of 1938, as amended, the suit comprehensively charged the defendant with violating the minimum wage and overtime and the record keeping provisions of the Act. The defendant answered, denying the claims and charges made, and a trial was had on the issues thus joined. At its conclusion, the record disclosed: (1) no employee with a regular pay base rate less than the statutory ·minimum; (2) none with a pay base rate for overtime, in excess of forty hours in a work week, less than one and one-half times the regular rate for employment; and (3) no failure to make and keep accurate records.

On evidence sustaining his finding, the court found, however, that for many years it had been the defendant's practice not to pay the employees in full in cash the amounts due them for a week's work, and that a large amount of unpaid back pay had accumulated, running at one time as high as $6800, but reduced at the time of the trial to $4000.

He also found that appellee had obtained new capital and was paying, and would continue to pay currently its future payrolls.

On the basis of these findings and others which find support in the record, the court, on February 28th, filed a written opinion,[2] and on March 10th, entered judgment[3] based thereon.

1. 29 U.S.C.A. § 201 et seq.

2. Durkin, Secretary of Labor, U. S. Department of Labor v. Lov-Knit Mfg. Co., Inc., D.C., 110 F.Supp. 508.

3. The judgment read as follows:
   "Be it remembered that on the 24th day of February, 1953, the above styled and numbered cause came on for hearing, the parties above named appearing through their duly authorized counsel of record; and the Court having heard the evidence and the argument of counsel, and being fully advised in the premises, finds that the defendant has violated the minimum wage and overtime provisions of the Fair Labor Standards Act of 1938, by its failure to compensate its employees each regular pay day for the hours worked by them during the next proceeding pay period; and the Court further finds that an opportunity should be given to the defendant to correct its practices;
   "And thereafter on the 28th day of February, 1953, it being made to appear

Plaintiff, appealing from that judgment, concedes that in cases under the Act, the trial judge has broad discretion to grant or refuse injunctive relief within certain limits.[4] He insists that these limits have been transcended here, that, indeed, on the record made, "It was an abuse of discretion to deny an injunction in the absence of more reliable assurance against resumption of violations."

In support of this contention, appellant seeks by his brief to import into and make a part of this record matters and proceedings which, if germane to this one, were not made below, and cannot be made here, a part of this record, and in reaching our decision on this appeal we have not considered them.

Appellee, confining its brief to the record made, insists that the decree, in which the judge, finding and reprobating the past practices of defendant, in not keeping the weekly wage payments current but presently denying the injunction for the future, kept the decree open for orders at its foot, represented not an abuse by the chancellor of his discretion, but the exercise by him of a wise and informed one, a discretion equitably conceived and equitably exercised.

We agree with the appellee that this is so. A court of equity is a court of conscience. The function of the chancellor is, upon equitable considerations, to winnow the wheat from the straw, and his decree will not be set aside on appeal unless, as is not the case here, it is made to appear that it is not equitable but inequitable to let it stand.

We think it plain that no such showing is made here. Particularly is this so since, in express terms, the decree is kept open for orders at its foot. Thus plaintiff, upon a showing that the faith on which the decree rests, that the defendant has really repented of, and turned away from, the practices condemned in the decree and can and will bring forth fruits worthy of repentance, is unfounded, may in the same proceeding obtain relief by amendment of the decree by orders entered at its foot. Cf. Singer Mfg. Co. v. Briley, 5 Cir., 1953, 207 F.2d 519.

The order appealed from is therefore affirmed.

to the Court that the defendant has now corrected its practices aforesaid, the Court concludes that no injunction is required to assure future compliance on the part of the defendant with the aforesaid provisions of the Act;

"It is, therefore, ordered, adjudged, and decreed that the plaintiff take nothing under his complaint and that no injunction shall be entered by the Court, provided that in the event future violations of the aforesaid provisions of the Act are found by the plaintiff that he may move to re-open this proceeding for the purpose of calling the same to the attention of the Court, and seeking whatever relief may be appropriate."

4. Lenroot v. Kemp, 5 Cir., 153 F.2d 153.