CAUSE NO._____

SAMSON LOYNACHAN,                          §                          , COURT OF
RELATOR
V.                                         §                          CRIMINAL
LOUIS STURNS, 213TH DISTRICT COURT
IN HIS OFFICIAL CAPACITY,                  §                          APPEALS
RESPONDENT                                              **RECEIVED IN**
                                           §           **COURT OF CRIMINAL APPEALS**

IN RE LOYNACHAN                            **SEP 08 2015**

MOTION FOR LEAVE OF COURT

TO THE HONORABLE COURT OF CRIMINAL APPEALS:          **Abel Acosta, Clerk**

Comes now Samson Loynachan, Relator pro se in the above-styled and numbered cause
of action, and respectfully asks this Court for leave to file a writ of mandamus, and
for good cause shows that:

I.

Relator is trying to obtain, or be given access to his appellate record to file a
writ of habeas corpus under Texas Code of Criminal Procedure (TCCP) 11.07. Relator
has filed three motions (attachments 1-3) in the 213th District Court, which were
denied. Relator appealled.

Under cause no. 02-15-00135-CR, the 2nd Court of Appeals dismissed the appeal for
want of jurisdiction. Relator currently has a petition for discretionary review due
in this Court to review the dismissal on 25 September, 2015, under PD-0852-15. That
review is, of course, discretionary, and the relator has no other adequate remedy at
law. See In re Bonilla, 424 SW3d 528, 533 (Tex Crim App 2014)(Relator has no ade-
quate remedy at law because the information he seeks pertains to an unfiled, future
post-conviction application for a writ of habeas corpus.)

Relator filed a writ of mandamus with the 2nd Court of Appeals, under cause no.
02-15-00240-CV (attachment 4). In a two sentence opinion, the writ was denied on
30 July, 2015.

As explained in this writ, the relator has a great need for, and a constitution-
ally based right to access these records. Without the records, relator cannot prop-
erly file an 11.07, and consequently, if needed, a federal writ of habeas corpus.
A copy of the records has already been made for the benefit of the relator, due to

MOTION FOR LEAVE OF COURT (CONTINUED)

his indigence solely.

The relator has a right to file a writ of habeas corpus, and without the appallate record, cannot properly file a complete application.

## II.

The relator calls upon the equanimity of the court, in that it should not tolerate a wrong without granting a remedy. See Chandler v. Welborn, 294 SW2d 801, 807 (Tex 1956); Parvin v. Dean, 7 SW3d 264, 277 (Tex App Fort Worth 1999); and Pinnacle Gas v. Read, 69 SW3d 240 (Tex App Waco 2002).

## III.

Wherefore, premises considered, relator prays that this Court grant this Motion for Leave of Court, and allow relator to file this writ of mandamus.

Respectfully submitted,

Samson Loynachan, 1789266
Relator pro se
12071 FM 3522, French Robertson Unit
Abilene, Tx  79601

TABLE OF AUTHORITIES

STATUTES:                                                          Page:

Texas Code of Criminal Procedures 1.08                              3

Texas Code of Criminal Procedures 11.07                            3

TEX Const. Art. I § 12                                            2,3,4

TEX Const. Art. I § 13                                              4

TEX Const. Art. I § 19                                              4

28 U.S.C § 2244(d)(1)                                               3

U.S. Const. Amend. V                                                4

U.S. Const. Amend XIV                                               4

CASE LAW:

Bounds v. Smith, 430 US 817 (1977)                                 5

Britt v. North Carolina, 404 US 226 (1971)                         8

Burns v. Ohio, 360 US 252 (1959)                                   6

Chandler v. Welborn, 294 SW2d 801 (Tex 1956)                      9, 10

DeLeon v. District Clerk, 187 SW3d 473 (Tex Crim App 2006)         4

Douglas v. California, 372 US 353 (1963)                           7

Draper v. Washington, 372 US 487 (1963)                            6

Durkin v. Lovknit, 208 F.2d 665 (5th Cir 1953)                    10

Eskridge v. Washington State Board, 357 US 214 (1958)              6

Ex Parte Chandler, 182 SW3d 350 (Tex Crim App 2005)              3, 11

Ex Parte Hull, 312 US 546 (1941)                                   5

First Heights v. Gutierrez, 852 SW2d 596 (Tex App Corpus Christi 1993)   10

Gardner v. California, 393 US 367 (1969)                          6, 7

Griffin v. Illinois 351 US 12 (1956)                               6

Humble Oil v. Sun Oil, 191 F.2d 705 (5th Cir 1951)                 9

In re Bonilla, 424 SW3d 528 (Tex Crim App 2014)                 1, 2, 5

In re Prudential Ins. Co., 148 SW3d 124 (Tex 2004)                11

Johnson v. Avery, 393 US 483 (1969)                                5

Kniatt v. State, 206 SW3d 657 (Tex Crim App 2006)                  3

Lane v. Brown, 372 US 477 (1963)                                      5

Lewis v. Casey, 116 S. Ct. 2174 (1996)                               8

Long v. District Court of Iowa, 385 US 192 (1966)                 5, 6

Loynachan v. State, 13-12-00462-CR (Tex App Corpus Christi 2013)     4

Mallard v. U.S. Dist Court, 109 S. Ct. 1814 (1989)                  10

Massingill v. State, 8 SW3d 733 (Tex App Austin 1999)               3

Picard v. O'Conner, 404 US 270 (1971)                               8

Railroad Comm. of Texas v. Pullman Co., 312 US 496 (1941)        1, 10

Rinaldi v. Yeager, 384 US 305 (1966)                                8

Rivercenter Assoc. v. Rivera, 858 SW2d 366 (Tex 1993)              10

Robinson v. State, 16 SW3d 808 (Tex Crim App 2000)                  9

Ross v. Moffitt, 94 S. Ct 2437 (1974)                              8

Smith v. Bennett, 365 US 708 (1961)                                 5

State v. Loynachan, No. 1233936R                                   11

State Ex Rel Young v. Sixth Jud District, 236 SW3d 207 (Tex Crim App 2007)

                                                                 3, 11

State of Texas v. State of Florida, 306 US 398 (1939)               9

Tenn v. Lane, 124 S. Ct. 1978 (2004)                                8

Trevino v. Thaler, 133 S. Ct. 1911 (2013)                           8

Walker v. Packer, 827 SW2d 833 (Tex 1992)                        1, 3

Winters v. Presiding Judge, 118 SW3d 773 (Tex Crim App 2003)       10

Wolff v. McDonnell, 418 US 539 (1974)                               4

CAUSE NO._____

SAMSON LOYNACHAN,                §                    COURT OF
RELATOR
V.                               §                    CRIMINAL
LOUIS STURNS, 213TH DIST COURT
IN HIS OFFICIAL CAPACITY,         §                    APPEALS
RESPONDENT

                                 §

IN RE LOYNACHAN

Relator's original application for a Writ of Mandamus.

To the Honorable Court of Criminal Appeals:

Comes now, Samson Loynachan, Relator pro se in the above-styled and numbered cause of action and files this original application for a Writ of Mandamus, pursuant to Walker v. Packer, 827 SW2d 833, 840 (Tex 1992)(A trial court has no discretion in determining what the law is or applying the law to the facts, and, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion.), and Railroad Commission of Texas v. Pullman Co., 312 US 496, 500 (1941)(An appeal to a chancellor is an appeal to the exercise of the sound discretion which guides the determination of courts of equity.)

I.

This writ of mandamus asks this Court to order the District Court to provide the relator access to his Appellate Records so that he may file a writ of habeas corpus.

This Court recognized in In re Bonilla, 424 SW3d 528 (Tex Crim App 2014) that, most generally, "an applicant will usually get only one bite at the habeas-corpus apple..." and, "[i]n all likelihood, an applicant will need to obtain and review his trial transcripts to ensure that he considered the entire record so that he may present all his claims at what will likely be his first and only bite[.] Id, at 532.

The Court then determined that by refusing to tell Bonilla how much his transcript cost, the district clerk, ultimately preventing Bonilla from obtaining the transcript, cut off his ability to prepare and present a complete

Application for a Writ of Habeas Corpus. Id, at 533. This violated his right to access the courts by preventing him from filing the writ of habeas corpus, and was contrary to the notion that the (habeas) remedy (be) speedy and effectual. TEX. CONST., art I § 12. Id.

Given the ruling in Bonilla, the question now asked of this Court is: If a person, with the means to purchase the records, right of access to courts has been denied/violated when they are prevented from purchasing them, are not an indigent's rights likewise violated under the Due Process and Equal Protection clauses of the 14th Amendment when he is denied the same records solely because of his poverty?

## II.

Samson Loynachan, TDCJ #1789266, appearing pro se, is incarcerated by the TDCJ at the French Robertson Unit, 12071 FM 3522, Abilene, TX, 79601.

Relator has exhausted his remedies and has no other adequate remedy at law. Relator filed three motions in the 213th District Court in Tarrant County asking that court for access to his appellate record, which were all denied. Relator appealled to the 2nd Court of Appeals, Fort Worth. Under Cause No. 02-15-00135-CR, the Court of Appeals dismissed the appeal for want of jurisdiction, deciding that the matter was not appealable. [Relator currently has a Petition for Discretionary Review due in this Court on 25 September, 2015 under PD-0852-15, to raise the question of jurisdiction only.] Relator filed a writ of mandamus with the 2nd Court of Appeals under cause no. 02-15-00240-CV, which was denied on 30 July, 2015. See also; In re Bonilla, 424 SW3d at 533 - relator has no adequate remedy at law because the information he seeks pertains to an unfiled, future post-conviction application for a writ of habeas corpus.

The act sought to be compelled is ministerial in nature. Texas has determined: As to the [ministerial] requirement, we have said that it is satisfied if the relator can show he has a clear right to relief sought. That is to say, when the facts and circumstances dictate but one rational decision

under unequivocal, well settled (i.e. from extant statutory, constitutional, or case law sources), and clearly controlling legal principles. State Ex Rel.-Young v. Sixth Jud District, 236 SW3d 207, 210 (Tex Crim App 2007).

III.

RESPONDENT.

Respondent, Judge Louis Sturns, in his official capacity as the 213th District Court, has a ministerial duty to apply the law to the facts. See Walker, 827 SW2d at 840, supra.

On 15 December, 2014, respondent denied relator's three motions asking him to temporarily transfer or give a copy of the appellate record to the relator. This was a clear failure by the trial court to analyze or apply the law to the facts.

IV.

The facts presented to the trial court.

• Movant is trying to perfect a writ of habeas corpus under TCCP 11.07, which is a right and shall never be suspended. TCCP 1.08, TEX CONST. Art I § 12.

• Movant must view the Appellate Record to determine what he will include in the habeas record to support the habeas claims listed in motions. It is his obligation to provide a sufficient record. Ex Parte Chandler, 182 SW3d 350, 353 (Tex Crim App 2005).

• I am indigent and unable to purchase the records. Once the trial court determines that the defendant is indigent [], there is a presumption that the defendant remains indigent unless shown otherwise. Massingill v. State, 8 SW3d 733, 737 (Tex App Austin 1999).

• Any further delays may prejudice my claim and impede me from a future federal habeas filing. An applicant's delay in seeking habeas corpus relief may prejudice the credibility of his claim. Kniatt v. State, 206 SW3d 657, 664 (Tex Crim App 2006). See also; 28 USC § 2244(d)(1)(establishing a one-year

(3)

time period of limitation to apply for a federal writ of habeas corpus).

• Affirming his conviction in it's Memorandum Opinion, the 13th Court of Appeals determined that movant's only avenue of relief was habeas corpus. See Loynachan v. State, 13-12-00462-CR, pg 4 FN[3] (Tex App Corpus Christi 2013).

V.

The law in this case;

(1) Is Constitutionally grounded:

• An applicant for habeas corpus relief has a constitutional right to access to courts. DeLeon v. District Clerk, 187 SW3d 473, 474 (Tex Crim App 2006).

• The right of access to courts... is founded in the Due Process clause and assures that no one person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights. Wolff v. McDonnell, 418 US 539, 579 (1974). See also; TEX Const. Art I §s 12 and 19, and US Const. Amends. 5 & 14.

• The writ of habeas corpus is a writ of right and shall never be suspended. Denial of a state created right has real substance and is sufficiently embraced within the 14th amendment "liberty" to entitle him to those minimum procedures appropriate under circumstances and required by the Due Process Clause to insure that the state created right was not arbitrarily abrogated. Wolff, supra, at 557.

• All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law. TEX Const. Art I § 13.

• No state shall deny to any person within its jurisdiction the equal protection of the laws.

(2) Specific application of law:

• More than seventy years ago, the Supreme Court recognized that right [prisoner's access to courts] when it held that the "state and it's officers

(4)

may not abridge or impair [a relator's] right to apply to a federal court for a writ of habeas corpus." Bounds v. Smith, 430 US 817, 821-822 (1977)(quoting Ex Parte Hull, 312 US 546, 549 (1941).)[Cited in Bonilla, supra, at 531.]

- The Supreme Court has steadfastly insisted that there is no higher duty than to maintain [the Great Writ] unimpaired. Johnson v. Avery 393 US 483, 485 (1969). [Cited in Bonilla, supra, at 531.]

- Long v. District Court of Iowa, 385 US 192 (1966). In Long, petitioner sought a writ of habeas corpus in the District Court. Id. The District Court found against the petitioner on the facts of his claims. Id at 193. Petitioner thereupon applied to the District Court for a free transcript, for use on appeal. Id. The District Court denied the motion on the following ground: "Habeas corpus being a civil action, there is no provision in the law for the furnishing of a transcript without payment of fee[.]" Id. On a petition for a writ of certiorari from the Supreme Court of Iowa, [the Long[ court granted the writ limited solely to the refusal to furnish the petitioner, an indigent, with a transcript of the habeas corpus proceeding, for purpose of appeal. Id at 194.

The judgement below must be reversed. The State properly concedes that, under our decisions in Smith v. Bennett, 365 US 708 (1961), and Lane v. Brown, 372 US 477 (1963), "to interpose any financial consideration between an indigent prisoner of the State and his exercise of a state right to sue for his liberty is to deny that prisoner the equal protection of the laws." Smith v. Bennett, supra, 365 US at 709. We specifically held in Smith that, haveing established a post-conviction procedure, a State cannot condition its availability to an indigent upon any financial consideration. And we held in Lane that the same rule applies to protect an indigent against a financial obstacle to the exercise of a state-created right to appeal from an adverse decision in a post-conviction proceeding. In Lane v. Brown, supra,

at 372 US 483, the Court reaffirmed the fundamental principle of <u>Griffin</u>

<u>v. Illinois</u>, 351 US 12, 19 (1956) that "[d]estitute defendants must be

afforded as adequate appellate review as defendants who have money

enough to buy transcripts." The Court in Lane went on to observe that

Smith had established "that these principles were not to be limited to

direct appeals from criminal convictions, <u>but extended alike to state</u>

<u>post conviction proceedings</u>," 372 US at 484. See also <u>Eskridge v.</u>

<u>Washington State Board</u>, 357 US 214 (1958): <u>Burns v. Ohio</u>, 360 US 252

(1959); <u>Draper v. Washington</u>, 372 US 487 (1963). <u>Long</u>, id, at 194.

• <u>Gardner v. California</u>, 393 US 367 (1969). In Gardner, the petitioner,

filing for a subsequent writ of habeas corpus, asked for a free transcript,

which was denied. The Supreme Court reversed.

As petitioner in the instant case desired to pursue his remedy in the

higher courts, he asked for a free transcript of the evidentiary hearing

before the Superior Court. His motion was denied, and he sought review

of that denial by certiorari to the District Court of Appeals. It was

denied, as was a timely petition for a hearing in the Supreme Court. We

granted the petition for a writ of certiorari, []to consider whether the

rulings below squared with our decisions in <u>Griffin v. Illinois</u>, 351 US

12, and <u>Long v. District Court</u>, 385 US 192.

We reverse the judgement below. If this involved an appeal from the

Superior Court's denial of habeas corpus, the rule of the Griffin case

would prevent California from not allowing petitioner, an indigent, access

to the record which makes any appellate review meaningful while according

full review to all who have the money to pay their own way. This, how-

ever, is not an appeal, but the drafting of a new original petition for

habeas corpus to the higher court. That new petition must reflect what

had transpired in the Superior Court. <u>Gardner</u>, id at 368.

(6)

It was argued by the respondent that petitioner could draw on his memory in preparing his application to the appellate court, and that court, if troubled, could obtain the transcript from the lower court. Id, at 369.

But we deal with an adversary system where the initiative rests with the moving party. Without a transcript, the petitioner, as he prepared his application to the appellate court, would have only his own lay memory of what transpired before the Superior Court. For an effective presentation of his case, he would need the findings of the Superior Court and the evidence that had been weighed and rejected in order to present his case in the light most favorable. Certainly a lawyer, accustomed to precise points of law and nuances in testimony, would be lost without such a transcript, save perhaps for the unusual and exceptional case. The lawyer, having lost below, would be conscious of the skepticism that prevails above when a second hearing is sought, and would sorely need the transcript in petitioning for a hearing before the appellate court as he would if the merits of an appeal were at stake. A layman hence needs the transcript even more. Id, at 369-370. (Emphasis added.) [S]olong as transcripts are available for preparation of appellate hearings in habeas corpus cases, they many not be furnished those who can afford them and denied those who are paupers. Id, at 370. (Emphasis added.) We conclude that, [] denial of a transcript to an indigent marks the same invidious discrimination which we held impermissable in the Griffin and Long cases where a State granted appeals in criminal cases, but, in practical effect, denied effective appellate review to indigents. Reversed. Id, at 370-371.

• These principles that began with Griffin's holding have not changed in nearly SIX decades! See also: Douglas v. California, 372 US 353 (1963)

(discrimination between the rich and the poor violates the 14th Amendment);

Rinaldi v. Yeager, 384 US 305 (1966)(Once avenues of appellate review are established, they must be kept free of unreasoned distinctions that can only impede open and equal access to courts.); Britt v. North Carolina, 404 US 226 (1971)(While the outer limits of Griffin are not clear, there can be no doubt that the state must provide an indigent defendant with a transcript of prior proceedings when the transcript is needed for an effective defense or appeal.); Ross v. Moffitt, 94 S. Ct. 2437 (1974)(A state cannot arbitrarily cut off appeal rights for indigents while leaving open avenues of appeal for more affluent persons.); Lewis v. Casey, 116 S. Ct. 2174 (1996)(Beginning with Griffin the Supreme Court invalidated state rules that required defendants to pay for trial transcripts or to pay other fees necessary to have their appeals or habeas corpus petitions heard.(; Tenn v. Lane, 124 S. Ct. 1978 (2004)(Our cases have recognized a number of affirmative obligations that flow from [the principle that a State must afford to all individuals a meaningful opportunity to be heard]: The duty to waive filing fees [in criminal cases], the duty to provide transcripts to criminal defendants seeking review of their convictions, and the duty to provide counsel to certain criminal defendants.). The extent of this argument may not have been presented to the trial court, but thatshould not prevent this court from reaching the merits and exercising its jurisdiction in the matter. Accord Picard v. O'Conner, 404 US 270, 277 (1971)(The ultimate question for disposition may be the same despite variations in legal theory or factual allegations urged in it's support.)

VI.

Further consideration.

The denial of the records to the relator (when, in part, ineffective assistance of counsel is being claimed), magnifies the denial of Due Process in light of the recent decision in Trevino v. Thaler, 133 S. Ct. 1911, 1915 (2013) that

(8)

recognized that, "The structure and design of the Texas system in actual operation, however, make it virtually impossible for an ineffective assistance claim to be presented on direct review." See also: Robinson v. State, 16 SW3d 808, 810-811 (Tex Crim App 2000).

By leaving claims of ineffective assistance of counsel for collateral review (where a defendant loses his right to counsel), and then coincidingly telling him that he cannot have access to the records he will need, the state effectively prevents his claims from being properly presented. In one instance, the record has not been developed. In the other, it cannot be. This is a clear denial of Due Process and Due Course of Law protections under Texas and US Constitutional provisions.

VII.

Equity of the Court.

Texas courts have full jurisdiction to give effect to any principles of equitable jurisprudence that were developed by the English court of chancery in 1789 and all rights and remedies are administered together by one civil action and in the same proceeding. Humble Oil v. Sun Oil, 191 F.2d 705, ___ (5th Cir 1951)(Case not available in unit law library - citation page not available.)

This is relator's last chance for the relief that he is requesting. That relief is consistent with the fundamental principles of Due Process and Equal Protection, and is well aligned to 59 years of Supreme Court holdings. Irreparable injury is the indespensible basis for the existence of equity powers, State of Texas v. State of Florida, 306 US 398, 411 (1939).

If relief is not granted, relator will not be able to file a complete (state or federal) application for a writ of habeas corpus, as demonstrated in section IV. It is a well established principle that equity will not tolerate a wrong without granting a remedy, Chandler v. Welborn, 294 SW2d 801, 807 (Tex

(9)

1956).

The equity of this Court ought to look beyond the rulings of the lower co

courts to the heart of the issue. [E]quity regards that as done that ought to

be done. Consequently, it emphasizes substance over form, First Heights Bank

v. Gutierrez, 852 SW2d 596, 605 (Tex App Corpus Christi 1993).

As demonstrated, relator has been diligent in seeking relief to which he

is entitled. Vigilantibus non dormientibus aequitas subvenit, that is, equity

aids the vigilant, not those who slumber on their rights. Rivercenter Assoc.

v. Rivera, 858 SW2d 366 (Tex 1993).

An appeal to a chancellor is an appeal to the exercise of the sound dis-

cretion which guides the determination of the courts of equity, Railroad Comm.

of Texas v. Pullman Co., 312 US 496, 500 (1941). A court of equity is a court

of conscience, Durkin v. Lovknit, 208 F.2d 665, ___ (5th Cir 1953)(Case not

available in unit law library - citation page not available.)

Therefore, relator asks this Court to review this writ with it's additional

powers under equity.

VIII.

Mandamus relief.

Mandamus relief may be granted if the relator shows the following: (1) c

that the act sought is purely ministerial and (2) that there is no adequate

remedy at law. Additionally, the relator must have a "clear right to the re-

lief sought," meaning that the merits of the relief sought are "beyond dispute."

The requirement of a clear legal right necessitates that the law plainly de-

scribes the duty to be performed such that there is no room for the exercise

of discretion. Mallard v. US Dist. Court for Southern Dist. of Iowa, 109 S.

Ct. 1814, 1822 (1989). See also; Winters v. Presiding Judge, 118 SW3d 773,

775 (Tex Crim App 2003).

As to the ministerial requirement, Texas has said that it is satisfied if

the relator can show he has a clear right to relief sought. That is to say, when the facts and circumstances dictate but one rational decision under unequivocal, well settled (i.e. from extant statutory, constitutional, or case law sources), and clearly controlling legal principles. State ex rel. Young, supra, 236 SW3d at 210.

The long-standing, clearly established law provided in Section V.of this writ, coupled with the facts presented to the trial court in Section IV of this writ, dictate but one rational decision.

Based on the ruling in Ex Parte Chandler, supra, the petitioner bears the burden of providing the habeas record. It is clearly unreasonable to think that petitioner can meet this burden of providing a complete habeas record without even seeing what pages from the record would be needed to create a habeas record.

The petitioner has made explicit that he will need the Appellate Record to properly develop the habeas record, and that he is still presumed to be indigent. Therefore, it is likewise unreasonable to expect an indigent inmate to purchase a record that he cannot afford, particularly when a free copy has been made already, due solely to his poverty.* Based on 59 years of U.S. Supreme Court precedent and the most fundamental of constitutional rights, the state must then provide the record to the petitioner. (*The trial court has already ordered that a free copy of the record be made for petitioner. See: State v. Loynachan, No 1233936R, Clerks Record, pgs 394-395.)

Relator has no other adequate remedy at law, as demonstrated in Section II. Mandamus relief will be granted if there has been a clear abuse of discretion and the relator has no adequate remedy by appeal. In re Prudential Ins. Co., 148 SW3d 124, 135-138 (Tex 2004).

IX.

Prayer for relief.

IN RE LOYNACHAN

Wherefore, premises considered, Relator, Samson Loynachan, pro se, respectfully requests a finding that the Respondent, in denying access to the records has abused his discretion, and violated the realtor's constitutional rights as demonstrated herein, that Relator has brought this litigation in good faith, and has substantially prevailed. Relator prays that this Court grant the writ, and order Respondent to immediately provide Relator access to the records sought, by either transferring them to the unit that he is currently incarcerated at, or turning them directly over to him.

Respectfully submitted,

_Samson Loynachan_ 3 Sep 2015

SAMSON LOYNACHAN, 1789266, PRO SE

12071 FM 3522, FRENCH ROBERTSON UNIT

ABILENE, TX 79601

X.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above APPLICATION FOR WRIT OF MANDAMUS was served on Judge Louis Sturns by placing a copy in the U.S. Mail addressed to: Judge Louis Sturns, 213th District Court, 401 West Belknap, Fort Worth, TX, 76196, on this the 3rd day of September, 2015.

_Samson Loynachan_

SAMSON LOYNACHAN, 1789266, PRO SE

XI.

UNSWORN DECLARATION

Pursuant to Texas Civil Practice & Remedies Codes §132.001-132.003 the following is provided: My name is Samson Matthew Loynachan. My date of birth is 11 September, 1979, and my inmate identifying number is 1789266. I am presently incarcerated at the French Robertson Unit in Jones County, Abilene, TX, 79601. I declare under penalty of perjury that the foregoing is true and correct. Executed on the 3rd day of September, 2015.

_Samson Loynachan_

SAMSON LOYNACHAN, 1789266, PRO SE

(12)

CAUSE NO._____

| SAMSON LOYNACHAN, | § | COURT OF |
| RELATOR | § | |
| V. | § | CRIMINAL |
| JUDGE LOUIS STURNS, 213TH DIST COURT, | § | |
| IN HIS OFFICIAL CAPACITY, | § | APPEALS |
| RESPONDENT | § | |

ORDER

On this day, came to be heard the foregoing Relator's APPLICATION FOR WRIT OF MANDAMUS, and it appears to the Court that the same should be:

_____GRANTED.

IT IS THEREFORE ORDERED THAT the Respondent shall immediately provide the APPELLATE RECORD to the Relator in a manner consistent with the opinion of this court.

SIGNED on this, the _____ day of _____, 2015.

_____
JUDGE, PRESIDING

APPENDIX

ATTACHMENT (1)

    MOTION FOR TEMPORARY TRANSFER OF APPELLATE RECORD

ATTACHMENT (2)

    ADDENDUM TO:  MOTION FOR TEMPORARY TRANSFER OF APPELLATE RECORD

ATTACHMENT (3)

    2ND ADDENDUM TO: MOTION FOR TEMPORARY TRANSFER OF APPELLATE RECORD

ATTACHMENT (4)

    IN RE LOYNACHAN, NO. 02-15-00240-CV


UNSWORN DECLARATION

    Pursuant to Texas Civil Practice & Remedies Codes §132.001-132.003 the

following is provided to satisfy TRAP 52.7:  My name is Samson Matthew Loy-

nachan.  My date of birth is 11 September, 1979, and my inmate identifying

number is 1789266.  I am presently incarcerated at the French Robertson Unit

in Jones County, Abilene, TX, 79601.  I declare under penalty of perjury that

the following attachments are true and correct copies.  Executed on this, the

3rd day of September, 2015.

SAMSON LOYNACHAN, 1789266

CAUSE NO. 13-12-00461-CR

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| V. | § | 213TH JUDICIAL DISTRICT |
| SAMSON LOYNACHAN | § | TARRANT COUNTY, TEXAS |

<u>MOTION FOR TEMPORARY TRANSFER OF APPELLATE RECORD</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes SAMSON LOYNACHAN, movant in the above styled and numbered cause, and respectfully moves this Honorable Court to tranfer the Appellate record to the Records Custodian at: Robertson Unit

12071 FM 3522

Abilene, TX 79601,

and for good cause shows the following:

I.

Movant is trying to perfect a writ of habeas corpus under TCCP 11.07. Movant is currently restrained in his liberty at the Robertson facility under the perviewance of TDCJ. See TCCP 11.01.

The writ of habeas corpus is a writ of right and shall never be suspended. See TCCP 1.08.

I need to view the Appellate Record so I can develop a habeas record and compile evidence for my writ. See Tamez v. Director, TDCJ, 550 Fed Supp 2d 639, 642 (E.D. Tex 2008)(Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value.), and Ex Parte Chandler, 182 SW3d 350, 353 (Tex Crim App 2005)(An applicant for a writ of habeas corpus has the obligation to provide a sufficient record that supports his factual allegations with proof by a preponderance of the evidence.).

**SCANNED**

II.

The 13th Court of Appeals determined that the issues presented them

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS
TIME _____
OCT 27 2014
BY _____ 11:23
SR DEPUTY

Copy: State: 10/29/2014
Judge/Presented to Court
12-8-2014-Denied

in my <u>Anders</u> response brief must be addressed in a writ. See memorandum opinion 13-12-00461-CR, 19 Dec, 2013, page 4 FN 3.

## III.

I have attempted alternative methods at obtaining the records, so that this motion would not be necessary. However, I am financially unable to acquire them. See <u>Massingill v. State</u>, 8 SW3d 733, 737 (Tex.App.Austin 1999)(Once the Trial Court determines that the defendant is indigent and entitled to appointed counsel, there is a presumption that the defendant remains indigent unless shown otherwise.).

This is the 2nd request submitted to this court. Any further delays may prejudice my claim and impede me from a future federal habeas filing. See <u>Kniatt v. State</u>, 206 SW3d 657, 664 (Tex Crim App 2006)(An applicant's delay in seeking habeas corpus relief may prejudice the credibility of his claim.), and 28 USC § 2244(d)(1)(establishing a one-year period of limitation to apply for a federal writ of habeas corpus.).

## IV.

Wherfore movant prays this court grant this motion and allow him to continue in his due diligence to submit the Great Writ. Upon granting of this motion, movant will send payment of shipping at the Clerk of Court's direction.

Respectfully submitted,

SAMSON M. LOYNACHAN, 1789266
MOVANT, PRO SE
ROBERTSON UNIT
12071 FM 3522
ABILENE, TX 79601

(2)

CAUSE NO. 13-12-00461-CR

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| V. | § | 213TH JUDICIAL DISTRICT |
| SAMSON LOYNACHAN | § | TARRANT COUNTY, TEXAS |

## ADDENDUM TO: MOTION FOR TEMPORARY TRANSFER OF APPELLATE RECORD

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes SAMSON LOYNACHAN, movant, and submits the following addendum to said motion received by this Court on 24 October, 2014.

### V.

Movant is trying to perfect his habeas writ for the following Constitutional errors;

*(Multiple) Due Process violations;

Speedy Trial Violation;

Ineffective Assistance of (Trial) Counsel; and

Ineffective Assistance of (Appellate) Counsel;

To meet the requirements of filing the writ under TCCP 11.07, movant needs to view the record to make proper citations and determine what enclosure will properly aid the habeas court. An indigent criminal defendant is entitled to a free copy of the Trial Records once a showing has been made that the habeas corpus action is not frivolous, and there is a specific need (in this case indicated by the 13th Court of Appeals). In Re Coronado, 980 SW2d 691, 693 (Court of Appeals San Antonio 1998). See also; Escobar v State, 880 SW2d 782 (1st App Houston 1993), and Eubanks v Mullin, 909 SW2d 574 (2nd App Fort Worth 1995).

The evidence required to be provided to the habeas court cannot be properly or adequately compiled without reviewing the record. In Re Strickhausen, 994 SW2d 936, 937 (1st App Houston 1999).(Given a compelling, recognized reason, a criminal defendant is entitled to a free copy of the record.) See also; United States v MacCollom, 96 S. Ct. 2086 (1976).

Under Texas and U.S. governing laws, movant requsts the court send him a free copy of the Trial Records. In the alternative, movant requests the temporary transfer of Records as initially requested.

*This is not to be construed as an actual collateral attack to the conviction, rather a good faith showing to comport with the rulings of the courts of Texas.

### VI.

Movant requests a hearing for this motion on the next day motions are disposed of in this Court. Consideration of a motion properly filed and before a court is ministerial. In Re Christensen, 39 Sw3d 250, 251 (Tex App Amarillo 2000)(citing White v Reiter, 640 SW2d 586 (Tex Crim App 1982). Fundamental requirements of Due Process mandate an opportunity to be heard. Creel v District Atty. for Medina County, 818SW2d 45, 46 (Tex 1991).

### VII.

Movant requests timely copies of any rulings made the court on this motion.

(3)

## VIII.

Movant swears that all information provided herein is true and accurate to the best of his knowledge.

## IX.

Movant prays for all relief requested and any other relief that may be afforded him under State and Federal Constitutional laws.

Respectfully submitted,

SAMSON M. LOYNACHAN, 1789266 · 11 Nov 2014

MOVANT, PRO SE

ROBERTSON UNIT

12071 FM 3522

ABILENE, TX 79601

(4)

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS
DEC 11 2014
TIME ____ 8:19 ____
BY ____ SC ____ DEPUTY

CAUSE NO. 13-12-00461-CR

D213. 1233936R

Denied per
Judge 12/15/2014
See proceeding

STATE OF TEXAS §   IN THE DISTRICT COURT

V. §   213TH JUDICIAL DISTRICT

SAMSON LOVNACHAN §   TARRANT COUNTY, TEXAS

2ND ADDENDUM TO: MOTION FOR TEMPORARY TRANSFER OF APPELLATE RECORD

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes SAMSON LOVNACHAN, movant pro se, and submits the following addendum to said motion received by this Court on 24 October, 2014.

X.

Movant has hesitated to expound on the Constitutional Errors to show a necessity for the record for fear that an elaboration would be construed by the Court as an actual collateral attack, which would convert the forthcoming writ into a successive writ. With an abundance of caution, in an effort to show good cause, after re-reading the controlling State and Federal controlling case law Movant modifies §5, paragraph one as follows:

(Multiple) Due Process violations:

(1) Denied a hearing as requested in motions on substitute counsel/Speedy Trial. [Armstrong v. Manzo, 380 US 545 (1965)]

(2) Denied Due Process when the Trial Court effectuated a continuance outside the rules set forth by T.C.C.P. 29 for the State. [Wolff v. McDonnell, 418 US 539, 557 (1974)]

(3) Denied Due Process when State was allowed to use lesser included offenses of TPC 19.04 (Manslaughter) to convict for TPC 19.02(b)(3)(Felony Murder).[TCCP 37.09 (2); Cavazos v. State, 382 SW3d 377 (Tex Crim App 2012); Gilmore v. Taylor, 508 US 333 (1993)]

(4) Denied Due Process when the Trial Court allowed improper jury charges to be submitted to Jury. [Sansone v. U.S., 380 US 343, 349-350 (1965)]

(5) Due Process was substantially affected by the State's closing argument (farsical imitation of the deceased), and in requiring the defendant to testify to the veracity of the State's witnesses. [Donnelly v. DeChristoforo, 416 US 637 (1974); Raney v. State, 958 SW2d 867, 982 (App Waco 1997)(It is improper [for the prosecution] to require [the accused] to express his opinion as to the truth or falsity of testimony contradicting him. Citing Johnson v. State, 614 SW2d 148 (Tex Crim App 1981))]

Speedy Trial violations: (All under Strickland v. Washington, 466 US 668 (1984) standard

(1) Was denied a Speedy Trial and a hearing on the merits to make a proper Speedy Trial determination. [Barker v. Wingo, 407 US 514 (1972)]

Ineffective Assistance of (Trial) Counsel: ←

(1) For causing, hindering, and failing to object to the above Due Process violation [Armstrong v. Manzo, supra; Sansone v. U.S., supra; Mathews v. U.S., 485 US 58 (1988); Hodge v. Hurley, 426 F3d 368 (CA6 2005)]

(2) For requesting improper lesser included offenses, which under current state law allowed the State to pursue felony murder under TPC 19.02(b)(3) ultimately subjecting the defendant to SIX theories of murder as opposed to ONE MURDER charge and TWO lesser HOMOCIDE CHARGES. [Sansone, supra; Ex Parte Welch, 981 SW2d 183 (Tex Crim App 1998);

(5)

ATTACHMENT (3)

Holmes v. South Carolina, 547 US 319 (2006); Smith v. Dretke, 417 F3d 438 (CA5 2005)

(3) For using an unreasonable trial strategy <of blaming someone else> when he knew the strategy would be contradicted by Defendant's tesutimony. [Moore v. Johnson, 194 F3d 586 (CA5 1999); Florida v. Nixon, 543 US 175 (2004)

(4) For failing to investigate and/or utilize expert witness to support accidental death strategy. [Soffar v. Dretke, 368 F3d 441 (CA5 2004); Kemp v. Leggett, 635 F2d 453 (CA5 1981)]

(5) Failure to investigate for mitigating circumstances in punishment phase. [Williams v. Taylor, 529 US 362 (2000); Kimmelman v. Morrison, 477 US 365 (1986)]

(6) For failing to consult with Defendant in any meaningful way. [Florida v. Nixon, supra; Geders v. U.S., 425 US 80 (1976); Mickens v. Taylor, 535 US 162 (2002)]

Ineffective Assistance of (Appellate) Counsel: Under Strickland, supra; and Penson v. Ohio, 109 S. Ct 346 (1988)]

(1) For failing to fully review the record. [Anders v. California, 386 US 738 (1967); Evitts v. Lucey, 469 US 392 (1985)]

(2) For failing to raise any (of the above or otherwise) non-frivolous errors. [In RE Schulman, 252 SW3d 403 (Tex Crim App 2008); Anders, supra; Penson, supra]

(3) For filing a brief that, in essence, argued for the State. [Lombard v. Lynaugh, 868 F2d 1475 (CA5 1989)]

(4) For failing to consult with defendant. [Florida, supra; Thompson v. U.S., 504 F3d 1203 (CA11 2007)]

(5) For failing to inform the Trial Court of a conflict of interest with the defendant. [Cuyler v. Sullivan, 446 US 335 (1980)

This list is not exhaustive.

XI.

In the event that the Court has already made an adverse ruling on original motion, Movant requests a re-hearing to consider the contents of this addendum.

Respectfully submitted,

SAMSON M. LOYNACHAN, #89266
MOVANT, PRO SE
ROBERTSON UNIT
12071 FM 3522
ABILENE, TX. 79601

A CERTIFIED COPY
ATTEST: 2-24-2015
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY:
DEPUTY

(6)

CAUSE NO. 02-15-240-W

SAMSON LOYNACHAN,
RELATOR        V.

LOUIS STURNS, 213TH DIST RECEIVED
IN HIS OFFICIAL CAPACITY,
RESPONDENT        JUL 2 2 2015

COURT OF APPEALS
SECOND DISTRICT TEXAS    IN RE LOYNACHAN
DEBRA SPISAK CLERK

§
§
§
§
§
§
§

IN THE 2ND DISTRICT

APPELLATE COURT

TARRANT COUNTY, TX

RELATOR'S original application for a Writ of Mandamus.
To the Honorable 2nd Court of Appeals

Comes now, Samson Loynachan, Relator Pro Se in the above-styled and numbered cause of action and files this original application for Writ of Mandamus, pursuant to Walkker v. Packer, 827 SW2nd 833, 840 (Tex 1992)(A trial court has no discretion in determining what the law is or applying the law to the facts, and, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion.), and would show the court the following.

I.

Samson Loynachan, TDCJ #1789266, appearing pro se, is incarcerated by the TDCJ at the French Robertson Unit, 12071 FM 3522, Abilene, TX, 79601.

Relator has exhausted his remedies and has no other adequate remedy at law. See; LOY-NACHAN V. TEXAS, No. 02-15-00135-CR (2nd Court of Appeals, 25 June, 2015)(Relator filed an appeal in this court, from the trial court's 15 December, 2014 denial of the composite motion: MOTION FOR TEMPORARY TRANSFER OF APPELLATE RECORD, that was filed in this court on 9 April, 2015.*  This court dismissed that appeal on 25 June, 2015 for want of jurisdiction deciding that the order was not appealable.(*Trial court/clerk never provided notice of denial of motion.  This court sent a copy of the denial as part of it's ruling in: In re Loynachan, No. 02-15-00074-CV on 19 March, 2015.)

The act sought to be comelled is ministerial in nature. Texas has determined:  As to the [ministerial] requirement, we have said that it is satisfied if the relator can show he has a clear right to relief sought.  That is to say, when the facts and circumstances dictate but one rational decision under unequivocal, well settled (i.e. from extant statutory, constitutional, or case law sources), and clearly controlling legal principles. State Ex Rel. Young v. Sixth Jud District, 236 SW3d 207, 210 (Tex Crim App 2007)(Emphasis added.)

II.

RESPONDENT.

Respondent, Judge Louis Sturns, in his official capacity as the 213th District Court has a ministerial duty to apply the law to the facts.  See Walker, 827 SW2d at 840, supra.

On 15 December, 2014, respondent denied relator's MOTION FOR TEMPORARY TRANSFER OF APPELLATE RECORD, under cause #1233936R.  This was a clear failure by the trial court to analyze or apply the law to the facts.

III.

The facts presented to the court.

ATTACHMANT (4)

• Movant is trying to perfect a writ of habeas corpus under TCCP 11.07, which is a right and shall never be suspended. TCCP 1.08. See also; Tex. Const, Art. 1 §12.

• Movant must view the Appellate Record to determine what he will include in the habeas record to support the habeas claims listed in motion. It is his obligation to provide a sufficient record. Ex Parte Chandler, 182 SW3d 350, 353 (Tex Crim App 2005). See also, Ex Parte Graves, 271 SW3d 801, 803 (Tex App Waco 2008), Tamez v. Director, TDCJ, 550 Fed Supp 2d 639, 642 (E.D. Tex 2008)(Absent evidence in the record, a court cannot consider a habeas petitioners bald assertions on a critical issue in his pro se petition, unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value.), Ex Parte Garcia, 353 SW3d 785, 789 (Tex Crim App 2011)(Sworn pleadings provide an inadequate basis upon which to grant relief in habeas actions.).

• I am indigent and unable to purchase the records. Once the Trial Court determines that the defendant is indigent [], there is a presumption that the defendant remains indigent unless shown otherwise. Massingill v. State, 8 SW3d 733, 737 (Tex App Austin 1999).

• Any further delays may prejudice my claim and impede me from a future federal habeas filing. An applicant's delay in seeking habeas corpus relief may prejudice the credibility of his claim. Kniatt v. State, 206 SW3d 657, 664 (Tex Crim App 2006). See also; 28 USC § 2244(d)(1)(establishing a one-year time period of limitation to apply for a federal writ of habeas corpus).

• Affirming his conviction in it's Memorandum Opinion, the 13th Court of Appeals determined that movant's only avenue of relief was habeas corpus. See; Samson Loynachan v. State, 13-12-00462-CR, pg 4 FN3 (13th COA 2013).

IV.

The law in this case.

(1) Is Constitutionally grounded:

• An applicant for habeas corpus relief has a constitutional right to access to courts. DeLeon v. District Clerk, 187 SW3d 473, 474 (Tex Crim App 2006).

• The right of access to courts... is founded in the Due Prcoess clause and assures that no one person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights. Wolff v. McDonnell, 418 US 539, 579 (1974). See also; Tex Const. Art I §s 12 and 19, and US Const. Amends. 5 and 14.

• The writ of habeas corpus is a writ of right and shall never be suspended. Tex Const. Art I §12. Denial of a state created right has real substance and is sufficiently embraced within the 14th Amendment "liberty" to entitle him to those minimum procedures appropriate under circumstances and required by the Due Process Clause to insure that the state created right was not arbitrarily abrogated. Wolff, supra, at 557.

• All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law. Tex Const.

Art. I §13.

• The US Const. Amend XIV also provides that US citizens will not be denied by the states, Equal Protection of the Laws.

(2) Specific application of law:

• More than seventy years ago, the Supreme Court recognized that right [prisoner's access to courts] when it held that the "state and it's officers may not abridge or impair [a relator's] right to apply to federal court for a writ of habeas corpus." Bounds v. Smith, 430 US 817, 821-822 (1977)(quoting Ex Parte Hull, 312 US 546, 549 (1941).)[cited in: In re Bonilla, 424 SW3d 528 (Tex Crim App 2014)]

• The Supreme Court has steadfastly insisted that there is no higher duty than to maintain [the Great Writ] unimpaired. Johnson v. Avery 393 US 483, 485 (1969). See also; In re Bonilla, supra.

• Long v. District Court of Iowa, 385 US 192 (1966). In Long, petitioner sought a writ of habeas corpus in the District Court. Id. The District Court found against the petitioner on the facts of his claims. Id at 193. Petitioner thereupon applied to the District Court for a free transcript, for use on appeal. Id. The District Court denied the motion on the following ground: "Habeas corpus beingacivil action, there is no provision in the law for the furnishing of a transcript without payment of fee[..]" Id. On a petition for a writ of certiorari to the Supreme Court of Iowa, [the Long] court granted the writ limited solely to the refusal to furnish the petitioner, an indigent, with a transcript of the habeas corpus proceeding, for purpose of appeal. Id at 194.

The judgement below must be reversed. The State properly concedes that, under our decisions in Smith v. Bennett, 365 US 708 (1961), and Lane v. Brown, 372 US 477 (1963), "to interpose any financial consideration between an indigent prisoner of the State ans his exercise of a state right to sue for his liberty is to deny that prisoner the equal protection of the laws." Smith v. Bennett, supra, at 365 US 709. We specifically held in Smith that, having established a post-conviction procedure, a State cannot condition its availability to an indigent upon any financial consideration. And we held in Lane that the same rule applies to protect an indigent against a financial obstacle to the exercise of a state-created right to appeal from an adverse decision in a post-conviction proceeding. In Lane v. Brown, supra, at 372 US 483, the Court reaffirmed the fundamental principle of Griffin v. Illinois, 351 US 12, 19 (1956) that "[d]estitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." The Court in Lane went on to observe that Smith had established "that these principles were not to be limited to direct appeals from criminal convictions, but extended alike to state post conviction proceedings."372 US at 484. See also Eskridge v. Washington

(3)

State Board, 357 US 214 (1958); Burns v. Ohio, 360 US 252 (1959); Draper v. Washington, 372 US 487 (1963). Id, at 194.

• Gardner v. California, 393 US 367 (1969). In Gardner, the petitioner, filing for a subsequent writ of habeas corpus, asked for a free transcript, which was denied. The Supreme Court reversed.

> As petitioner in the instant case desired to pursue his remedy in the higher courts, he asked for a free transcript of the evidentiary hearing before the Superior Court. His motion was denied, and he sought review of that denial by certiorari to the District Court of Appeals. It was denied, as was a timely petition for a hearing in the Supreme Court. We granted the petition for a writ of certiorari,[]to consider whether the rulings below squared with our decisions in Griffin v. Illinois, 351 US 12, and Long v. District Court, 385 US 192.

> We reverse the judgement below. If this involved an appeal from the Superior Court's denial of habeas corpus, the rule of the Griffin case would prevent California from not allowing petitioner, an indigent, access to the record which makes any appellate review meaningful while according full review to all who have the money to pay their own way. This, however, is not an appeal, but the drafting of a new original petition for habeas corpus to the higher court. That new petition must reflect what had transpired in the Superior Court. Id, at 368.

It was argued by the respondent that petitioner could draw on his memory in preparing his application to the appellate court, and that court, if troubled, could obtain the transcript from the lower court. Id, at 369.

> But we deal with an adversary system where the initiative rests with the moving party. Without a transcript, the petitioner, as he prepared his application to the appellate court, would have only his own lay memory of what transpired before the Superior Court. For an effective presentation of his case, he would need the findings of the Superior Court and the evidence that had been weighed and rejected in order to present his case in the light most favorable . Certainly a lawyer, accustomed to precise points of law and nuances in testimony, would be lost without such a transcript, save perhaps for the unusual and exceptional case. The lawyer, having lost below, would be conscious of the skepticism that prevails above when a second hearing is sought, and would sorely need the transcript in petitioning for a hearing before the appellate court as he would if the merits of an appeal were at stake. A layman hence needs the transcript even more. Id, 369-370....[S]o long as transcripts are available for preparation of appellate hearings in habeas corpus cases, they may not be furnished those

who can afford them and denied those who are paupers. Id, at 370... We conclude that,[] denial of a transcript to an indigent marks the same invidious discrimination which we held impermissable in the Griffin and Long cases where a State granted appeals in criminal cases, but, in practical, effect denied effective appellate review to indigents. Reversed. Id, at 370-371.

• These principles that began with Griffin's holding have not changed in nearly SIX decades! See also: <u>Douglas v. California</u>, 372 US 353 (1963)(discrimination between the rich and the poor violates the 14th Amendment); <u>Rinaldi v. Yeager</u>, 384 US 305 (1966)(Once avenues of appellate review are established, they must be kept free of unreasoned distinctions that can only impede open and equal access to courts.); <u>Britt v. North Carolina</u>, 404 US 226 (1971)(While the outer limits of Griffin are not clear, there can be no doubt that the state must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal.); <u>Ross v. Moffitt</u>, 94 S. Ct. 2437 (1974)(A state cannot arbitrarily cut off appeal rights for indigents while leaving open avenues of appeal for more affluent persons.); <u>Lewis v. Casey</u>, 116 S. Ct. 2174 (1996)(Beginning with Griffin the Supreme Court invalidated state rules that required indigent criminal defendants to pay for trial transcripts or to pay other fees necessary to have their appeals or habeas corpus petitions heard.); <u>Tenn v. Lane</u>, 124 S. Ct. 1978 (2004)(Our cases have recognized a number of affirmative obligations that flow from [the principle that a State must afford to all individuals a meaningful opportunity to be heard]: The duty to waive filing fees [in criminal cases], the duty to provide transcripts to criminal defendants seeking review of their convictions, and the duty to provide counsel to certain criminal defendants.). The extent of this argument may not have been presented to the trial court, but that should not prevent this court from reaching the merits and exercising it's jurisdiction in the matter. The ultimate question for disposition may be the same despite variations in legal theory or factual allegations urged in it's support. <u>Picard v. O'Conner</u>, 404 US 270,277 (1971).

V.

Further consideration.

The denial of the records (when, in part, ineffective assistance of counsel is being claimed), magnifies the denial of Due Process in light of the recent decision in <u>Trevino v. Thaler</u>, 133 S. Ct. 1911, 1915 (2013) that acknowledges that, "The structure and design of the Texas system in actual operation, however, make it virtually impossible for an ineffective assistance claim to be presented on direct review." See also: <u>Robinson v. State</u>, 16SW3d 808, 810-811 (Tex Crim App 2000).

By leaving claims of ineffective assistance of counsel for collateral review (where a defendant loses his right to counsel, and then coincidingly telling him that he cannot have access to the records he will need), the state effectively prevents his claims from being

properly presented. In one instance, the record is not developed. In the other, it cannot be.

## VI.

Mandamus relief.

Mandamus relief may be granted if the relator shows the following: (1) that the act sought is purely ministerial and (2) that there is no adequate remedy at law. Additionally, the relator must have a "clear right to the relief sought," meaning that the merits of the case relief sought are "beyond dispute." The requirement of a clear legal right necessitates that the law plainly describes the duty to be performed such that there is no room for the exercise of discretion. Winters v. Presiding Judge, 118 SW3d 773, 775 (Tex Crim App 2003). See also: Mallard v. U.S. Dist Court for Southern Dist. of Iowa, 109 S. Ct. 1814, 1822 (1989)

As to the [ministerial] requirement, [Texas has] said that it is satisfied if the relator can show he has a clear right to relief sought. That is to say, when the facts and circumstances dictate but one rational decision under unequivocal, well settled (i.e. from extant statutory, constitutional, or case law sources), and clearly controlling legal principles. State ex rel. Young, supra 236 SW3d at 210.

The long-standing, clearly established law provided in Section IV of this writ, coupled with the facts presented to the trial court in Section III of this writ, dictate but one rational decision. See also: Walker, supra, 827 SW2d at 840.

Based on the ruling in Ex Parte Chandler, supra, the petitioner bears the burden of providing the habeas record. It is clearly unreasonable to think that petitioner can meet this burden without even seeing what pages from the record would be needed to create a habeas record.

The petitioner has made explicit that he will need the Appellate Record to properly develop the record, and that he is still presumed to be indigent. Therefore, it is likewise unreasonable to expect an indigent inmate to purchase a record that he cannot afford, particularly when a free copy has already been made due solely to his poverty.* Based on 59 years of U.S. Supreme Court precedent and the basic of all constitutional rights, the state must then provide the record to the petitioner.(*The trial court has already ordered that a free copy of the record be made for petitioner. See: State v. Loynachan, #1233936R Clerks Record, pgs 394-395.)

Relator has no other adequate remedy at law, as determined by this court in Loynachan v. State, 02-15-00135-CR on 25 June, 2015.(Deciding that they did not have jurisdiction to decide merits of appeal, for order denied was not appealable.) Mandamus relief will be granted if there has been a clear abuse of discretion and the relator has no adequate remedy by appeal. In re Prudential Ins. co., 148 SW3d 124, 135-138 (Tex 2004). See also: Mallard, supra 109 S. Ct. at 1822; and In re Derzapf, 219 SW3d 327, 334 (Tex 2007).

VII.

Prayer for relief.

Wherefore, premises considered, Relator, Samson Loynachan, pro se, respectfully requests a finding that the Respondent, in denying access to the records has abused his discretion, and violated the Relator's constitutional rights as demonstrated herein, that Relator has brought this litigation in good faith, and has substantially prevailed. Relator prays that this court grant the writ, and order Respondent to immediately provide Relator access to the records sought, by either transferring them to the unit he is currently incarcerated at, or turning them directly over to him.

Respectfully submitted,

SAMSON LOYNACHAN, 1789266, PRO SE

12071 FM 3522, FRENCH ROBERTSON UNIT

ABILENE, TX 79601

VIII.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above APPLICATION FOR WRIT OF MANDAMUS was served on Judge Louis Sturns by placing a copy in the U.S. Mail addressed to: Judge Louis Sturns, 213th District Court, 401 West Belknap, Fort Worth, TX, 76196, on this the _17th_ day of July, 2015.

SAMSON LOYNACHAN, 1789266, PRO SE

IX.

UNSWORN DECLARATION

Pursuant to Texas Civil Practice & Remedies Codes §132.001-132.003 the following is provided:

My name is _Samson Matthew Loynachan_. My date of birth is _11 September, 1979_, and my inmate identifying number is _1789266_. I am presently incarcerated in the _French Robertson Unit_ in _Jones County, Abilene, TX, 79601_. I declare under penalty of perjury that the foregoing is true and correct.

Executed on the _17th_ day of July, 2015.

(7)